606 A.2d 668

Dennis C. RAULSTON, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (TRI-STATE MOTOR TRANSIT et al.), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 12, 1991.

Decided March 30, 1992.

James D. Flower, Jr., for petitioner.

No appearance for respondents.

Before PALLADINO and KELLEY, JJ., and BLATT, Senior Judge.

KELLEY, Judge.

The present appeal presents the sole question of whether the attorney for a claimant who was awarded workmen's compensation benefits is entitled, as part of his fee agreement with claimant, to a percentage of the reimbursement for medical bills in addition to a percentage of the weekly benefits paid to claimant.

Dennis Raulston (claimant) sustained a work-related injury on August 16, 1982, while working for Tri–State Motor Transit Company (employer). On December 20, 1984, claimant filed a claim petition and was subsequently awarded workmen's compensation benefits. The referee's decision ordered employer to pay claimant weekly compensation for the period from August 16, 1982, to October 18, 1982, and to pay claimant's medical bills which amounted to $19,422.56. The decision also ordered employer to deduct twenty percent of the compensation payable and pay it directly to

claimant's attorney. Employer did not appeal from this decision.

Employer's insurer paid claimant's attorney twenty percent of the weekly benefits payable, which amounted to a total of $430.22. However, the insurer, after forwarding eighty percent of the award for medical bills in order that it be paid to the medical providers, retained the additional twenty percent and refused to pay it to claimant's attorney. Claimant's attorney, by letter dated December 22, 1987, sought a clarification from the referee with respect to the attorney's fees. The referee did not respond to this letter. Claimant's attorney filed a petition with the Workmen's Compensation Appeal Board on May 25, 1988, requesting approval of his attorney's fees.[1]

By order of November 14, 1990, the board ruled that claimant's attorney was not entitled to twenty percent of the reimbursement for medical bills. Claimant's attorney has filed the present petition for review from that order.[2]

In its decision, the board expressed its concern that claimant would still owe the medical providers the twenty percent of the medical bill reimbursements which went to his attorney. The Board cited our decision in *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa. Commonwealth Ct. 577, 515 A.2d 331 (1986), where we indicated that payments for medical services are not included in "compensation" as that term is used in Section 434 of The Pennsylvania Workmen's Compensation Act (Act),[3] which establishes a three-year statute of limitations for setting aside a final receipt. *Fuhrman* is not controlling since its holding was expressly limited to the definition of compensation for the purposes of Section 434. Moreover, we have often held that medical expenses may be included when computing a claimant's attorney's contingent

1. The facts stated in this paragraph are as alleged in the petition filed with the board.

2. Employer has filed a notice of non-participation in this case. We therefore have a brief only from claimant's attorney.

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1001.

fee. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.),* 141 Pa.Commonwealth Ct. 253, 595 A.2d 697 (1991) (court remanded for determination of reasonableness of attorney's fee, stating that medical expenses may be used in the calculation of such fees); *Henderson v. Workmen's Compensation Appeal Board (Rockwell International, Inc.),* 69 Pa.Commonwealth Ct. 613, 452 A.2d 277 (1982) (court reversed board where board deleted medical expenses from computation of counsel fees); *Workmen's Compensation Appeal Board v. General Machine Products Co.,* 24 Pa.Commonwealth Ct. 95, 353 A.2d 911 (1976) (court approved fee agreement which expressly included medical bill reimbursements in calculation of counsel's fee).[4] We therefore hold that the board erred to the extent that it decided that an attorney's contingent fee could not come out of the reimbursements for medical expenses.[5]

■ The referee's decision did not explicitly state that claimant's attorney should receive twenty percent of the medical bill reimbursements. The referee also did not explicitly approve the fee agreement between claimant and his attorney as required by Section 442 of the Act. Since the fee agreement is not included in the original record,[6] we will

---

**4.** It should be noted that *Koszowski, Henderson,* and *General Machine Products* all involved, as does the present case, the computation of attorney's fees under § 442 of the Act, 77 P.S. § 998; *i.e.,* they did not involve attorney's fees awarded in addition to the basic award pursuant to § 440, 77 P.S. § 996, because of an unreasonable contest. Sections 440 and 442 were added to the Act by the Act of February 8, 1972, P.L. 25.

**5.** Although the board expresses a valid concern about a claimant's shortfall in funds to pay his medical providers if his attorney receives part of the award, we note at least two arguments that favor the opposing view. One is the possible hesitancy of attorneys to accept cases where the recovery will consist largely or completely of medical reimbursements if they cannot collect part of such recovery as a fee. The other is our own hesitancy to interfere with a private contract between a claimant and his attorney if their intent is to allow the attorney to accept a portion of such recovery as his fee.

**6.** According to the petition filed with the board, claimant's attorney submitted the fee agreement in evidence before the referee. We do not possess the original record of the proceedings before the referee,

merely vacate the board's order and remand so that there may be a factual determination of whether the claimant and his attorney intended for the attorney to receive a percentage of the medical bill reimbursements as part of his fee and whether the attorney's fee is reasonable in accordance with *Koszowski.*[7]

## ORDER

NOW, this 30th day of March, 1992, the order of the Workmen's Compensation Appeal Board, dated November 14, 1990, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

PALLADINO, J., dissents.

since the present matter is not a direct appeal from those proceedings but is instead an appeal from the board's decision in response to the petition for approval of attorney's fee. Claimant's attorney included transcripts of the hearings before the referee in the reproduced record, but did not include a copy of the fee agreement.

7. Claimant's attorney attached time records to the petition for approval of attorney's fee showing that he spent 85.3 hours in working on claimant's case.