# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia Righter, :
                 Petitioner :
                  :
           v. : No. 1356 C.D. 2015
                  : Submitted: January 22, 2016
Workers' Compensation Appeal :
Board (Righter Parking), :
               Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION**
**BY JUDGE COHN JUBELIRER**               **FILED: June 14, 2016**

Patricia Righter (Claimant) petitions for review of an Order of the Workers' Compensation Appeal Board (Board) affirming a Workers' Compensation Judge's (WCJ) Decision denying, in part, her Claim Petition filed against Righter Parking (Employer). The sole issue on appeal is whether the WCJ erred by concluding that Claimant's attorney (Counsel) was not entitled to an attorney fee of 20 percent of the medical bills paid in conjunction with the claim in this matter. Upon review, we affirm.[1]

On April 27, 2012, Claimant filed a Claim Petition against Employer seeking workers' compensation benefits related to a work injury she sustained on April 13, 2012. (WCJ Decision, Findings of Fact (FOF) ¶ 2.) In addition to

---

[1] This Court granted Claimant's Application for Leave to Appeal *In Forma Pauperis* on August 27, 2015. Pursuant to Rule 2151(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2151(b), Claimant was not required to file a reproduced record.

indemnity and medical benefits, the Claim Petition sought attorney fees for an unreasonable contest pursuant to Section 440(a) of the Workers' Compensation Act (Act).[2] Employer filed an Answer on May 3, 2012, "essentially denying all material allegations" contained in the Claim Petition. (FOF ¶ 2.) Claimant subsequently filed a Penalty Petition on November 29, 2012. (FOF ¶ 3.) The Petitions were consolidated and assigned to the WCJ for hearing and disposition.

A hearing was held on September 23, 2013, where the WCJ approved a Stipulation of Facts (First Stipulation) filed jointly by the parties. Therein, the parties stipulated that Claimant was injured in the scope of her employment when she was struck by a company truck on April 13, 2012, while opening a parking lot gate. (First Stipulation ¶ 1.) Employer accepted the following description of Claimant's injury:

> 1) pelvic fracture, 2) left sided sacral fracture, 3) non-displacement fracture of the right fifth finger (healed), 4) right L4 transverse process fracture right, 5) fracture of the right ankle and the right medial malleolus (healed) with residual tibial tendinitis, 6) right hip fracture (healed) with right greater trochanteric bursitis, 7) lumbar

_____

[2] Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, as amended, 77 P.S. § 996(a). Section 440(a) provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

Id.

2

spine sprain and strain with segmental dysfunction, 8) bilateral sacroiliitis, 9) left sided hip sprain and strain, 10) urinary incontinence[,] and 11) right knee sprain and strain.

(Id. ¶ 6.) The parties further stipulated that Claimant and Counsel entered into a fair and reasonable contingent fee agreement (Agreement) that entitles Counsel to 20 percent of the indemnity benefits to be received by Claimant. (FOF ¶ 4d.) The Parties agreed to "continue to litigate the issue of whether [Counsel] is entitled to [20 percent] of any work-related medical bills paid in conjunction with this claim as part of his attorney's fee" and to "continue to litigate the penalty petitions and unreasonable contest issues." (First Stipulation ¶ 10.)

The parties agreed to a second Stipulation of Facts (Second Stipulation) on January 16, 2014, which was approved by the WCJ on January 21, 2014. Therein the parties "resolve[d] the Penalty Petitions and unreasonable contest issues" and agreed that Employer would pay Claimant 25 percent of past due wages, of which 20 percent would be deducted and paid to Counsel. (Second Stipulation ¶ 7.) The parties agreed to continue to litigate whether Counsel is entitled to 20 percent of any work-related medical bills paid in conjunction with the claim. (Id. ¶ 6.) Thus, the only issue left unresolved by the two stipulations was the question of Counsel's entitlement to an attorney fee of 20 percent of the medical bill payments.

In support of her Claim Petition, Claimant submitted her deposition testimony of August 24, 2012. In her deposition, Claimant testified that she entered into the Agreement with Counsel which provides that "if [she is] awarded any benefits [Counsel] is entitled to 20 percent of th[e benefits] as an attorney fee" and that the agreed upon fee is acceptable to her. (Claimant's Dep. at 21-22.) The Agreement was entered into the record as an exhibit and provides, in relevant part:

3

I recognize the contingent nature of this claim and the fact that [C]ounsel may not receive any compensation. Should no money be recovered following suit or settlement, [C]ounsel shall have no claim of any kind against me for any professional services rendered.

However, in the event that I receive or am permitted to continue to receive my workers' compensation benefits, [Counsel] will *receive [20] percent of all compensation payable to me for as long as I receive workers' compensation benefits.*

(Contingent Fee Agreement, Ex. C-1 (emphasis added).) The WCJ accepted Claimant's testimony as credible to the extent that it was offered to prove that she entered into the Agreement with Counsel. (FOF ¶ 12.)

Upon review of the relevant evidence, the WCJ made the following relevant findings of fact:

a. The express terms of the contingent fee agreement between the Claimant and [C]ounsel do not make any mention of medical expenses, and instead only generally refer to "all compensation payable" to the Claimant. Specifically, the contingent fee agreement does not set forth an agreement whereby [Counsel] is to receive 20 [percent] of the medical bill payments in addition to his 20 [percent] fee on the indemnity benefits awarded.

b. The Claimant's testimony regarding her understanding and approval of the contingency fee agreement does not include any reference or discussion whereby [Counsel] is to receive 20 [percent] of the medical bill payments in addition to his 20 [percent] fee on the indemnity benefits awarded.

c. Although this case involved protracted litigation over the course of several hearings, this Judge finds the Claimant failed to establish that any particular work performed specifically advanced the payment of medical bills to warrant a 20 [percent] attorney fee of the medical bill payments.

d. With the exception of the issue of the attorney's fees for medical expenses, all other contested issues in this matter were fully resolved by stipulations between the parties.

4

e. [Counsel] has received and continues to receive a 20 [percent] attorney's fee of the Claimant's indemnity benefits.

f. [Counsel] did not present any evidence to establish a contingent fee agreement exists between [Counsel] and any of the medical providers at issue.

(FOF ¶ 13a-f.)  Based on the above findings, the WCJ concluded that Claimant did not "establish [Counsel's] entitlement to receive 20 [percent] of the medical bill payments in addition to his 20 [percent] fee on the indemnity benefits awarded as set forth in the Findings" and denied the Claim Petition.  (WCJ Decision, Conclusions of Law ¶ 2.)  Claimant appealed to the Board, which affirmed.

On appeal to this Court, Claimant argues that courts of this Commonwealth consistently have held that attorney fees are chargeable against both indemnity benefits and medical bill payments and that a 20 percent fee is reasonable per se. Claimant further contends that because the record supports findings that Claimant intended Counsel to receive an attorney fee based on the medical bill payments and that Counsel expended substantial time and effort in representing Claimant, the WCJ erred by concluding that 20 percent of all benefits paid, including medical bill payments, is unreasonable.[3]

Section 442 of the Act[4] provides in relevant part:

All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall

---

[3] "Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence." Hendricks v. Workers' Comp. Appeal Bd. (Phoenix Pipe & Tube), 909 A.2d 445, 449 n.4 (Pa. Cmwlth. 2006).

[4] Added by Section 3 of the Act of February 8, 1972, P.L. 25, as amended, 77 P.S. § 998.

5

be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.

77 P.S. § 998. Our Supreme Court has explained that "Section 442 evidences a legislative intent of *protecting claimants* against *unreasonable fees* charged and imposed on them *by their attorneys* under their own improvident fee agreements." Weidner v. Workmen's Comp. Appeal Bd., 442 A.2d 242, 244 (Pa. 1982) (emphasis added). We have said that "Section 442 of the Act implies that the [WCJ] *must* approve an attorney's fee if there is first, an agreement between claimant and attorney and second, the agreement does not exceed 20 [percent] of the amount awarded." Piergalski v. Workmen's Comp. Appeal Bd. (Viviano Macaroni Co.), 621 A.2d 1069, 1073 (Pa. Cmwlth. 1993) (emphasis added). Although a 20 percent fee agreed to between counsel and a claimant is per se reasonable, this principle only applies to an award of 20 percent of the *indemnity benefits* awarded to a claimant, and WCJs must in all instances conduct a separate analysis regarding medical bill payments. Id. "[W]hile 20 [percent] of a claimant's medical expenses could be awarded as attorney's fees, [] 20 [percent] of [a claimant's] *medical expenses* should only be awarded as attorney's fees if this amount constitutes a '*reasonable*' attorney's fee." Id. (citations omitted) (emphasis added).

In determining whether medical bill payments should be included in a contingent fee agreement, the WCJ must assess: (1) whether the claimant and counsel intended for counsel to receive a percentage of the medical bill payments; and (2) whether the fee is reasonable. See Raulston v. Workmen's Comp. Appeal Bd. (Tri-State Motor Transit), 606 A.2d 668, 670 (Pa. Cmwlth. 1992) (remanding the matter to the Board for fact finding on the claimant's intent and the

reasonableness of the fee). We have further held that a reasonableness inquiry in this context should address *the amount and degree of difficulty of the work performed* by the attorney. Wommer v. Workmen's Comp. Appeal Bd. (Lycoming Cnty.), 479 A.2d 661, 663 (Pa. Cmwlth. 1984); see also Piergalski, 621 A.2d at 1073 (remanding the matter to the Board with instructions to remand it to the WCJ "to make specific findings on *the time and effort expended by [counsel] in his representation of claimant* and to enter a new order on the question of the reasonableness of the attorney's fee with regard to claimant's medical expenses" (emphasis added)). David Torrey and Andrew Greenberg describe the WCJ's inquiry in this regard as a "quantum meruit analysis," and we agree that this is an appropriate description of the WCJ's task. D. Torrey & A. Greenberg, Workers' Compensation: Law and Practice § 15:10 (West 2008) (hereinafter, Torrey & Greenberg). Thus, counsel seeking a contingent fee on medical bill payments in addition to the per se reasonable 20 percent contingent fee on indemnity benefits must demonstrate to the WCJ why such a fee is justified in light of the time and effort expended on obtaining medical benefits for the claimant. Id. at § 15:12. Upon receipt of this evidence, the WCJ will conduct a quantum meruit analysis to determine the reasonableness of any fee in excess of 20 percent of the claimant's indemnity benefits.

Here, the WCJ concluded that a 20 percent attorney fee based on Claimant's medical bill payments was unreasonable. (FOF ¶ 13.) In making this determination, the WCJ first assessed the Agreement between Claimant and Counsel. The Agreement provides Counsel with 20 percent of "all compensation payable to [Claimant] for as long as [Claimant] receive[s] workers' compensation benefits." (Contingent Fee Agreement, Exhibit C-1.) The WCJ concluded that the

7

text of the Agreement does not set forth any promise pertaining to medical bill payments in addition to indemnity benefits. The WCJ also reviewed Claimant's testimony regarding the Agreement and found that the testimony did not establish that the Agreement provided Counsel with 20 percent of the medical bills paid. The WCJ next assessed the nature and difficulty of the work performed by Counsel and found that Claimant did not "establish that any particular work performed *specifically advanced the payment of medical bills to warrant* a 20 [percent] attorney fee of the medical bill payments." (FOF ¶ 13c (emphasis added).)

Claimant argues that the WCJ's findings supporting the conclusion that the fees were not reasonable are not supported by the evidence as the work performed by Counsel warrants an award of 20 percent of medical bill payments. Claimant points to the protracted nature of the litigation *as a whole*, and notes that Counsel represented Claimant in 12 hearings, conducted two depositions, negotiated two Stipulations of Fact, contacted multiple providers for the purpose of obtaining evidence on treatments and expenses, and organized and submitted medical documents. Claimant argues that the inquiry should focus on the amount of work performed in the case *as a whole*, not only with regard to payment of the medical bills.

Based on the evidence of record, we find no error in the WCJ's conclusions. First, the Agreement entered into by Counsel and Claimant does not firmly establish that Claimant intended Counsel to receive 20 percent of her medical bill payments. By its terms, the Agreement only covers "compensation payable to [Claimant]." (Contingent Fee Agreement, Exhibit C-1.) The two key phrases of the Agreement are "compensation" and "payable to [Claimant]." (Id.) By using the term compensation, which could include both indemnity benefits and medical

bill payments, the Agreement does not explicitly provide for a contingent fee based on medical bill payments. Furthermore, by utilizing the phrase "payable *to* [*Claimant*]," (id. (emphasis added)), the Agreement appears to exclude *payments made directly to medical providers*. Claimant's testimony sheds no further light on the nature of the Agreement.

Second, we agree with the WCJ's conclusion that the work performed by Counsel does not warrant an award beyond 20 percent of the indemnity benefits Counsel continues to receive as agreed to in the First Stipulation. The case does not appear to have been exceedingly difficult or time consuming; the major issues were resolved through the First and Second Stipulations; and there is no evidence in the record showing a dispute to Claimant's entitlement to medical benefits that required extensive legal work.[5] The WCJ's finding that there was no indication that the payment of the medical bills was advanced by the legal work performed sufficient to warrant a 20 percent attorney fee was not error. Whether the fees are reasonable is not based on the work performed *in the case as a whole* as argued by Counsel. Instead, the WCJ correctly examined whether the Claimant established that the time and effort expended by Counsel advancing the payment of Claimant's medical bills was sufficient to warrant the fee.

It is appropriate to treat the payment of medical bills differently than payment of indemnity benefits for purposes of determining whether an attorney's fee on medical benefit payments should be paid, and if so, how much. As Torrey

---

[5] While the record shows that 12 hearings were held, transcripts for only five short hearings appear in the record: July 12, 2012; October 18, 2012; January 28, 2013; September 23, 2013; and January 30, 2014. No testimony was taken at any of these hearings.

and Greenberg point out in their treatise on workers' compensation law in Pennsylvania:

> Under the [Act], a health care provider is strictly prohibited from balance-billing an employee for amounts in excess of the Medicare-based reimbursement rates. If a lawyer takes a fee out of medical payments, however, and the payments were *based* on the Medicare-governed rates, a shortfall will still exist. The shortfall will, presumably, have to be made up by the employee. A physician or other health care provider is *not* prohibited from balance-billing within the confines of the Medicare-based scheme.

Torrey & Greenberg at § 15:12 (emphasis in original). In this case, the medical expenses and out-of-pocket costs at the close of the evidentiary record were $187,893.06; 20 percent of which comes to $37,578.61. (FOF ¶ 9; Summary of Medical Bills, Ex. C-3.) Because Employer has already paid most of the medical expenses to Claimant's medical providers, (FOF ¶ 11; Payment Screens, Ex. D-1), and there is no evidence in the record that Counsel has a separate agreement with Claimant's medical providers to receive a portion of the medical bill payments from them, the attorney's fee will presumably have to be paid by Claimant.

We recognize that this issue raises differing views and concerns. As we noted in Raulston:

> One is the possible hesitancy of attorneys to accept cases where the recovery will consist largely or completely of medical reimbursements if they cannot collect part of such recovery as a fee. The other is our own hesitancy to interfere with a private contract between a claimant and his attorney if their intent is to allow the attorney to accept a portion of such recovery as his fee.

Raulston, 606 A.2d at 670 n.5.

First, with regard to a claimant finding counsel to represent them in these cases, we note that counsel may receive 20 percent of medical benefit payments where such fee is determined by a WCJ to be reasonable in light of the time and effort counsel expended into receiving such medical benefits. Further, as Torrey and Greenberg describe, even with regard to medical only claims where there is no indemnity recovery (unlike this case):

> [C]laimant's counsel may want to consider certain advantages in representing such workers. First, claimant's counsel should remember that an hourly fee can be approved by a WCJ. Second, fees in the case of unreasonable contest can be assessed against the employer. Third, counsel can satisfy a pro bono obligation either by representing the claimant on a gratis basis or by (for example) charging hourly for one hearing and servicing the rest of the file pro bono. Such arrangements are likely to impress the WCJ and will satisfy the professional obligation to provide legal services to the public with no pecuniary gain. Further, such a gesture in a small-claim case may give rise to later referrals in both workers' compensation and other legal matters.

Torrey & Greenberg at § 17:59.

Second, with regard to the private contract between claimants and counsel, in this case, there is nothing in the record in which it appears that Claimant understood the potential implications of Counsel's arguments and her potential responsibility to pay the fees requested by Counsel. Concern that a claimant may not be aware that her counsel's interest in receiving attorney's fees based on medical benefit payments can be in conflict with the claimant's own financial interests has been expressed by Judge Pellegrini, who opined that, "at the minimum," a claimant should be informed "of the potential conflict and informed that he may wish to employ an attorney to advise him of the reasonableness of the

11

fees sought by his counsel." Koszowski v. Workmen's Comp. Appeal Bd. (Greyhound Lines, Inc.), 595 A.2d 697, 702 (Pa. Cmwlth. 1991) (Pellegrini, J., concurring).

Our precedent correctly identifies the WCJ as being in the best position to balance the equities involved and to award a reasonable contingent fee or fee based on the actual time spent. Here, the WCJ did just that. In this case, the Agreement did not explicitly provide for a 20 percent attorney fee on Claimant's medical benefits, Counsel did not demonstrate to the WCJ why such a fee was justified in light of the time and effort expended on obtaining medical benefits for Claimant, and we agree with the WCJ that Counsel's requested fee is unreasonable in light of the work performed. Accordingly, we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Patricia Righter,                                             :
                                Petitioner                    :
                                                              :
                        v.                                    :    No. 1356 C.D. 2015
                                                              :
Workers' Compensation Appeal                                  :
Board (Righter Parking),                                      :
                                Respondent                    :

# **O R D E R**

    **NOW**, June 14, 2016, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is hereby **AFFIRMED**.

                                               _____

                                               **RENÉE COHN JUBELIRER,** Judge