IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samedy Kry-Puy,                                   :
                    Petitioner                    :
                                                  :    No. 2525 C.D. 2015
          v.                                      :
                                                  :    Submitted:  June 17, 2016
Workers' Compensation  Appeal                     :
Board (C&A Labor, Inc.),                           :
                    Respondent                     :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                               FILED:  October 11, 2016


          Samedy Kry-Puy (Claimant) petitions for review of the November 17, 2015 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ).  In his decision, the WCJ denied Claimant's counsel's request that twenty percent of Claimant's medical benefits be included as attorney's fees for an unreasonable contest, but did award Claimant's counsel twenty percent of Claimant's indemnity benefits.  The WCJ also determined that the contingency fee agreement, while reasonable insofar as it stated that Claimant must pay counsel twenty percent of her indemnity benefits, was not reasonable to the extent that it permitted counsel to collect twenty percent of Claimant's medical benefits.  We affirm.

**Facts and Procedural History**

The relevant facts are as follows. On March 14, 2013, Claimant filed a claim petition, alleging that he sustained injuries to his right forearm, hand, and fingers on November 20, 2012, while in the course and scope of his employment as a cook with C&A Labor, Inc. (Employer). Employer filed an answer denying the material allegations.

Thereafter, Claimant testified in a deposition dated May 31, 2013, and his medical expert testified in a deposition dated June 6, 2013. Employer obtained a medical report from a general surgeon dated July 17, 2013, and a medical report from an orthopedic surgeon dated July 30, 2013. On August 16, 2013, Employer issued a Notice of Compensation Payable (NCP), accepting liability for Claimant's injuries at a weekly compensation wage of $290.00. (WCJ's Findings of Fact at Nos. 1-2, 4, 6.)

On March 26, 2014, the WCJ convened a hearing at which Claimant testified. Claimant also presented his deposition testimony, his expert's deposition testimony, and medical bills totaling $234,902.00. In response, Employer submitted its experts' medical reports. (WCJ's Findings of Fact at Nos. 3, 5.)

By decision dated October 1, 2014, the WCJ granted Claimant's claim petition. The WCJ found as fact that:

> 1. On August 16, 2013, Employer issued a [NCP]. The NCP unilaterally described the work injury as a "fracture both bones rft forearm post open reduction w/int fixation, ulnar nerve neuropathy, secondary rgt claw deformity and wasting of first dorsal interosseous and abductor digiti quinti, hypertrophic scars on rgt forearm and chronic pain in forearm and rgt shoulder." The NCP also reflected an average weekly wage of $290.00 with a corresponding weekly compensation rate of $261.00. By Order circulated on September 11, 2013, this [WCJ] approved a twenty percent attorney fee chargeable to Claimant's indemnity benefits.

2

(WCJ's Finding of Fact at No. 1.)

In his decision, the WCJ determined that Employer engaged in an unreasonable contest for a limited time period, namely from the time Claimant filed the claim petition on March 14, 2013, until the time Employer filed the NCP on August 16, 2013. In her request for attorney's fees based upon Employer's unreasonable contest, Claimant's counsel sought an award of twenty percent of Claimant's indemnity benefits and also twenty percent of Claimant's medical benefits. (WCJ's Finding of Fact at No. 13.)

Pursuant to section 440(a) of the Workers' Compensation Act (Act),[1] 77 P.S. §996(a),[2] the WCJ awarded Claimant's counsel attorney's fees for Employer's unreasonable contest in the amount of twenty percent of Claimant's total indemnity benefits from March 14, 2013, to August 15, 2013. However, the WCJ found that, given the circumstances of this case, an award of attorney's fees representing twenty percent of Claimant's medical benefits would not be reasonable. (WCJ's Finding of Fact at Nos. 10, 13; Conclusion of Law at No. 8.)

In this regard, the WCJ specifically found that:

> 11. The evidence of record supports that there was an unreasonable contest of the instant [claim] petition from the time of the filing of the petition on March 14, 2013, until Employer filing of the [NCP] on August 1, 2013. Employer did not submit any evidence of record that disputed the occurrence of the work incident or the nature and extent of the injury or disability.

*     *     *

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

[2] Added by the Act of February 8, 1972, P.L. 25, *as amended*.

3

13. An attorney fee in the amount of [twenty percent] of Claimant's indemnity benefits from March 14, 2013, through August 15, 2013, payable over and above Claimant's indemnity benefits, is found to be a reasonable attorney fee under the circumstances of the instant matter. The degree of difficulty of the work performed was standard/average, and the amount of work performed regarding the instant matter was minimal. Thus, an award of attorney's fees against medical benefits would not be reasonable under the circumstances.

(WCJ's Finding of Fact at Nos. 11, 13.) Therefore, in its order, the WCJ directed that:

Employer shall pay an attorney fee for an unreasonable contest in the amount of [twenty percent] of Claimant's indemnity benefits payable from March 14, 2013, through August 15, 2013, over and above the indemnity benefits payable to Claimant during the aforementioned time period. This amount shall be paid DIRECTLY to Claimant pursuant to the provisions of the [Act].

(WCJ's Order at 1.)

While the WCJ approved Claimant's contingency fee agreement with her counsel as "fair and reasonable," (WCJ's Finding of Fact at No. 16), because this fee agreement included payment of twenty percent of any payments for Claimant's "medical treatment and hospital bills," (WCJ's Finding of Fact at No. 9), the WCJ was required to determine if this aspect of the contingency fee agreement was reasonable.[3]

In so determining, the WCJ specifically found that:

---

[3] *See, e.g., Righter v. Workers' Compensation Appeal Board (Righter Parking)*, 141 A.3d 628, 632-33 (Pa. Cmwlth. 2016); *Piergalski v. Workmen's Compensation Appeal Board (Viviano Macaroni Co.)*, 621 A.2d 1069, 1073 (Pa. Cmwlth. 1993).

4

9. Claimant's fee arrangement with his counsel reads as follows: " . . . in the event that I receive or am permitted to continue to receive my workers' compensation benefits, my attorney . . . will receive twenty percent (20%) of all compensation payable as long as I receive workers' compensation benefits. This includes payment of all medical treatment and hospital bills."

\* \* \*

16. The Claimant's fee arrangement with his counsel is found to be both fair and reasonable. It is approved by this [WCJ].

(WCJ's Finding of Fact at Nos. 9, 16.) Nonetheless, the WCJ ultimately found that "attorney's fees against [Claimant's] medical benefits would not be reasonable under the circumstances." (WCJ's Finding of Fact at No. 13.) Accordingly, in its order, the WCJ stated:

Employer is also DIRECTED to continue to deduct a [twenty percent] attorney fee from Claimant's continuing indemnity benefits, unless and until altered pursuant to the provisions of the [Act]. This attorney fee payment shall be made directly to Claimant's counsel . . . .

(WCJ's Order at 1.)

This portion of the order reflects that the WCJ approved the contingency fee agreement insofar as it authorized payment of twenty percent of Claimant's indemnity benefits, but declined to approve the contingency fee agreement to the extent that it permitted counsel to collect twenty percent of Claimant's medical benefits.

In deciding both the unreasonable contest and contingency fee agreement issues, the WCJ initially noted that Claimant's counsel did not submit a quantum meruit fee statement into the record. The WCJ then explained that

5

Claimant's counsel performed approximately an hour-and-a-half of legal work in the instant matter: a pre-trial hearing on April 24, 2013 (6 minutes); a hearing on March 26, 2014 (29 minutes); the deposition of Claimant (26 minutes); and the deposition of Claimant's expert (30 minutes). (WCJ's Findings of Fact at Nos. 10, 12.) The WCJ further found that "the degree of difficulty of the work performed [by Claimant's counsel] was standard/average and the amount of work performed . . . was minimal." (WCJ's Finding of Fact at No. 13.) Based on these facts, the WCJ excluded twenty percent of the payments for Claimant's medical treatment and hospital bills from both the award for Employer's unreasonable contest under section 440 of the Act and the contingency fee agreement under section 442 of the Act, 77 P.S. §998.[4]

Claimant's counsel appealed to the Board and argued that the WCJ's award of attorney's fees for Employer's unreasonable contest should have been calculated to include twenty percent of the medical benefits. The Board disagreed, concluding that the WCJ did not abuse his discretion in determining that such an award would not be reasonable. In so deciding, the Board noted that the submitted medical bills totaled $234,902.00, of which twenty percent would equal $46,980.40, and that Claimant's counsel performed an hour-and-a-half of legal work of average difficulty. The Board further noted that the WCJ found that Employer's contest was only partially unreasonable – from March 14, 2013, to August 15, 2013 – and Employer filed an NCP and paid Claimant benefits during the litigation. (Board's decision at 3, 5.) On this reasoning, the Board concluded that the WCJ's exclusion was "proper" and that the WCJ "reasonably related the work involved to the award." (Board's decision at 3.)

---

[4] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

Claimant's counsel also argued that the WCJ erred in failing to approve the portion of the contingency agreement stating that Claimant would pay counsel twenty percent of her medical benefits. In rejecting this contention, the Board offered the following rationale:

> [T]he contingent fee agreement between Claimant and his counsel [includes] a twenty percent fee on payment of all medical treatment and hospital bills. However, despite this agreement, the [WCJ] concluded that this twenty percent fee was not reasonable under the circumstances, and only directed Claimant's fee to include indemnity benefits. While a [WCJ] is not prohibited from approving a contingency fee agreement that includes a percentage of medical benefits, that award must still constitute a reasonable fee. In this case, we agree with the [WCJ's] conclusion that the fee was not reasonable under the circumstances . . . . Claimant's counsel performed minimal work of average difficulty, not enough to constitute a $46,980.40 fee . . . . Thus, the [WCJ] correctly did not fully approve Claimant's counsel's contingent fee agreement and only awarded twenty percent of the indemnity benefits.

(Board's decision at 3-5.)

## Discussion

On appeal to this Court[5] Claimant's counsel argues that the WCJ erred in failing to approve the contingency agreement in its entirety and seemingly takes issue with the WCJ's decision insofar as the WCJ did not grant an award of twenty percent of Claimant's medical benefits for Employer's unreasonable contest. For support,

---

[5] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

Claimant's counsel cites *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 595 A.2d 697 (Pa. Cmwlth. 1991), and *Raulston v. Workmen's Compensation Appeal Board (Tri-State Motor Transit)*, 606 A.2d 668 (Pa. Cmwlth. 1992), and argues that she is automatically entitled to an attorney's fee of twenty percent of Claimant's medical benefits. Claimant's counsel further argues, in a cursory fashion, that she should have received a higher award of attorney's fees based upon the amount of work she performed.

Significantly, while section 440 dictates the standard to be used for assessing attorney's fees for an unreasonable contest, here Claimant and counsel entered into a contingency fee agreement, so we must also apply section 442 of the Act, which controls the analysis for determining the reasonableness of contingency fee agreements.

First, pursuant to section 440(a) of the Act, where attorney's fees are awarded because the employer's contest is unreasonable, the WCJ must determine what is a "reasonable sum" of attorney's fees. 77 P.S. §996(a). In pertinent part, section 440(a) of the Act provides:

> In any contest . . . including contested cases involving petitions to terminate . . . compensation awards . . . the employe . . . in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, *a reasonable sum* for costs incurred *for attorney's fee*, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a) (emphasis added). In *Wommer v. Workmen's Compensation Appeal Board (Lycoming County)*, 479 A.2d 661, 661 (Pa. Cmwlth. 1984), this Court

8

concluded that where there is an unreasonable contest under section 440(a) of the Act, an award of attorney's fees based on a percentage of the total compensation award, including medical expenses, may be appropriate in the right circumstances. Nonetheless, we emphasized that an award of attorney's fees based upon a percentage of medical benefits must be found by the WCJ to be reasonable. *Wommer*, 479 A.2d at 662-63.

In determining the reasonableness of attorney's fees in an unreasonable contest, section 440(b) of the Act directs the WCJ to make:

> a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended.

77 P.S. §996(b). The reasonableness of the attorney's fees depends on the difficulty of the work performed by a claimant's attorney, and so long as the amount and difficulty of the work performed by the claimant's attorney is reasonably related to the fee awarded, this Court will not disturb the WCJ's award. *Elite Carpentry Contractors v. Workmen's Compensation Appeal Board (Dempsey)*, 636 A.2d 250, 253 (Pa. Cmwlth. 1993).

Here, the WCJ made the following finding of fact:

> 12. The evidence of record supports that the following legal services were performed by Claimant's counsel regarding the instant matter:
>
> > Attendance at Pre-trial hearing on April 24, 2013 – 6 minutes
> >
> > Attendance at March 26, 2014 hearing [and the taking of] Claimant's testimony – 29 minutes

Attendance at deposition of the Claimant – 26 minutes

Attendance at deposition of James L. Tweedy, D.O. – 30 minutes

(WCJ's Finding of Fact at No. 12.) Based on the above, the WCJ found that Claimant's counsel expended approximately an hour-and-a-half of legal work in the instant matter.

In her brief, Claimant's counsel does not assert that the WCJ failed to include time that she spent in pursuing Claimant's case, above and beyond that which the WCJ found that she devoted. Indeed, Claimant's counsel does not challenge the WCJ's finding that she performed approximately an hour-and-a-half of legal work in the instant matter. Instead, in terms of the work she performed, Claimant's counsel only discusses the time she spent "taking the testimony of [C]laimant and his physician," (Claimant's brief at 8), which the WCJ expressly included in determining the time expended and appropriate award of attorney's fees for Employer's unreasonable contest. (WCJ's Finding of Fact at No. 12.)

Based upon our calculations, Claimant will receive, from Employer, approximately $1,160.00 in overall attorney's fees ($290.00 weekly compensation wage times twenty weeks of an unreasonable contest divided by twenty percent) for approximately an hour-and-a-half of legal work. We cannot conclude that the WCJ erred in failing to order Employer to pay a larger sum for attorney's fees because the WCJ's finding that Claimant's counsel spent "minimal" time on the case and there was a "standard/average" degree of difficulty of the work involved is supported by the record. (WCJ's Finding of Fact at No. 13.)

As noted earlier, where Claimant's counsel challenges an award of attorney's fees pursuant to a contingency agreement, we apply section 442 of the Act.

Section 442 of the Act provides in relevant part:

> *All counsel fees*, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, *shall be approved* by the workers' compensation judge or board as the case may be, *providing* the counsel *fees do not exceed twenty per centum* of the amount awarded.

77 P.S. §998 (emphasis added). Contrary to Claimant's counsel's argument, "[i]n both *Koszowski* and *Raulston*, this Court determined that while [twenty percent] of a claimant's medical expenses *could* be awarded as attorney's fees [under section 442 of the Act] . . . [twenty percent] of the medical expenses *should only* be awarded as attorney's fees if this amount constitutes a 'reasonable' attorney's fee." *Piergalski v. Workmen's Compensation Appeal Board (Viviano Macaroni Co.)*, 621 A.2d 1069, 1073 (Pa. Cmwlth. 1993) (emphasis added).

This Court recently discussed the intent of and purpose behind section 442 of the Act, as well as the pertinent analysis when deciding whether to approve a contingency fee agreement as it pertains to medical benefits:

> Section 442 evidences a legislative intent of *protecting claimants* against *unreasonable fees* charged and imposed on them *by their attorneys* under their own improvident fee agreements . . . . Section 442 of the Act implies that the WCJ *must* approve an attorney's fee if there is first, an agreement between claimant and attorney and second, the agreement does not exceed [twenty percent] of the amount awarded. Although a [twenty] percent fee agreed to between counsel and a claimant is per se reasonable, this principle only applies to an award of [twenty] percent of the *indemnity benefits* awarded to a claimant, and WCJs must in all instances conduct a separate analysis regarding medical bill payments. While [twenty percent] of a claimant's medical expenses could be awarded as attorney's fees, [twenty percent] of a claimant's *medical expenses* should

11

only be awarded as attorney's fees if this amount constitutes a '*reasonable*' attorney's fee.

In determining whether medical bill payments should be included in a contingent fee agreement, the WCJ must assess: (1) whether the claimant and counsel intended for counsel to receive a percentage of the medical bill payments; and (2) whether the fee is reasonable. We have further held that a reasonableness inquiry in this context should address *the amount and degree of difficulty of the work performed* by the attorney . . . . Thus, counsel seeking a contingent fee on medical bill payments in addition to the per se reasonable [twenty] percent contingent fee on indemnity benefits must demonstrate to the WCJ why such a fee is justified **in light of the time and effort expended on obtaining medical benefits for the claimant**. Upon receipt of this evidence, the WCJ will conduct a quantum meruit analysis to determine the reasonableness of any fee in excess of [twenty] percent of the claimant's indemnity benefits.

*Righter v. Workers' Compensation Appeal Board (Righter Parking)*, 141 A.3d 628, 632-33 (Pa. Cmwlth. 2016) (italics emphasis in original, bold emphasis added, citations and internal brackets omitted).

In her brief, Claimant's counsel does not advance any meaningful argument that the WCJ abused his discretion in discounting as unreasonable twenty percent of Claimant's medical benefits from the contingency fee agreement. Significantly, Claimant's counsel does not point to any evidence pertaining to the legal work she devoted to the collection, preparation, and/or analysis of the medical bills or the time and effort she expended on obtaining medical benefits for Claimant. Indeed, Claimant's counsel did not submit a quantum meruit fee statement into the record. (WCJ's Finding of Fact at No. 10.) As mentioned above, Claimant's counsel only discusses the time she spent "taking the testimony of [C]laimant and his physician," (Claimant's brief at 8), and it is not readily apparent which portion of this

time – if any – was related to medical benefits. Moreover, the WCJ reviewed the only evidence of record and found that Claimant's counsel performed approximately an hour-and-a-half of legal work in the instant matter.

Based on the above, the WCJ found that, overall, Claimant's counsel spent "minimal" time on a case that possessed a "standard/average" degree of difficulty, (WCJ's Finding of Fact at No. 12), and $46,980.40 in attorney's fees for one-and-a-half hours of documented legal work is patently unreasonable. Given this record, we cannot conclude that the WCJ abused his discretion in not fully approving Claimant's counsel's contingency fee agreement and only permitting counsel to collect twenty percent of Claimant's indemnity benefits. *See Righter*, 141 A.3d at 633-34 (concluding that the WCJ did not abuse his discretion in determining that counsel was not entitled to an attorney fee of twenty percent of the medical bills where the case was not "exceedingly difficult or time consuming" and the attorney failed to establish the specific amount of time that was spent advancing the payment of claimant's medical bills).[6]

---

[6] In *Righter,* the WCJ analyzed a contingency fee agreement and the amount and nature of the work that the claimant's counsel performed in conjunction with litigating a successful claim petition, which was primarily resolved through the result of stipulations between the parties. The WCJ permitted the claimant's counsel to receive twenty percent of the claimant's indemnity benefits, but did not allow the claimant's counsel to collect twenty percent of the claimant's medical benefits. On appeal, this Court determined whether the WCJ erred in concluding that the claimant's counsel was not entitled to an attorney fee of twenty percent of the medical bills. In concluding that the WCJ did not abuse his discretion, this Court stated:

> [W]e agree with the WCJ's conclusion that the work performed by [c]ounsel does not warrant an award beyond [twenty] percent of the indemnity benefits . . . . The case does not appear to have been exceedingly difficult or time consuming; the major issues were resolved through the First and Second Stipulations; and there is no evidence in the record showing a dispute to [the claimant's] entitlement to medical benefits that required extensive legal work.

**(Footnote continued on next page…)**

13

## Conclusion

Pursuant to section 440 of the Act, if an employer is found to have engaged in an unreasonable contest, the WCJ shall award a reasonable sum for attorney's fees, including a percentage of the total compensation awarded, but only as long as those fees are reasonable. Where, as here, there is a contingency fee agreement between claimant and counsel, this analysis must also include application of section 442 of the Act. This provision states that the WCJ may approve a contingency fee agreement that provides payment for no more than twenty percent of a claimant's indemnity benefits on the basis that such a payment is per se reasonable, which the WCJ did here. However, regarding medical benefits, the WCJ must determine whether payment of twenty percent of medical benefits is reasonable.

Based on the record in this case, and the WCJ's unchallenged findings of fact, we conclude that the WCJ did not err in declining to grant Claimant's counsel an amount equal to twenty percent of Claimant's medical benefits for attorney's fees on the ground that such fees were not reasonable. Similarly, we discern no abuse of discretion on the Board or WCJ's part in not permitting Claimant's counsel to collect

---

**(continued…)**

> The WCJ's finding that there was no indication that the payment of the medical bills was advanced by the legal work performed sufficient to warrant a [twenty] percent attorney fee was not error. Whether the fees are reasonable is not based on the work performed *in the case as a whole* as argued by [c]ounsel. Instead, the WCJ correctly examined whether the [c]laimant established that the time and effort expended by [c]ounsel advancing the payment of [the claimant's] medical bills was sufficient to warrant the fee.

*Righter*, 141 A.3d at 633-34.

twenty percent of Claimant's award for medical benefits under the contingency agreement.

Accordingly, having determined that Claimant's arguments lack merit, we affirm the November 17, 2015 order of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

Senior Judge Pellegrini concurs in result only.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samedy Kry-Puy,                                  :
             Petitioner            :
                                 :     No. 2525 C.D. 2015
             v.                        :
                                 :
Workers' Compensation  Appeal            :
Board (C&A Labor, Inc.),                         :
             Respondent           :

## *__ORDER__*

AND NOW, this 11th day of October, 2016, the November 17, 2015 order of the Workers' Compensation Appeal Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge