IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Neves,                          :
                 Petitioner            :
                                       :
        v.                             :   No. 1431 C.D. 2018
                                       :   Argued: November 13, 2019
Workers' Compensation Appeal Board     :
(American Airlines),                   :
                 Respondent            :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: May 14, 2020

Robert Neves (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that refused to approve his attorney fee agreement setting the fee at 20% of Claimant's medical compensation award. In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant did not prove that the fee was reasonable, given the legal work provided. Claimant contends that Section 442 of the Workers' Compensation Act (Act)[1] requires the WCJ to approve a counsel fee that is capped at 20% of the compensation award and does not vest the WCJ with discretion to evaluate the reasonableness of a 20% counsel fee for a medical compensation award. Concluding that the Board erred in its construction of Section 442 of the Act, we reverse.

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §998.

**Background**

Claimant worked for American Airlines, Inc. (Employer) as a baggage handler. On February 3, 2015, he filed a claim petition alleging that on January 5, 2015, he suffered a work-related heart attack that damaged his heart muscle. On May 3, 2016, WCJ Joseph Stokes granted the claim petition. In his decision, the WCJ specifically found that Claimant's counsel (Counsel) was entitled to "*20% of any benefits awarded* to be paid as counsel fees" under the fee agreement Claimant signed. WCJ Stokes Decision, 5/3/2016, at 8, Finding of Fact No. 15 (emphasis added). WCJ Stokes issued the following order:

> [Employer] is ORDERED and DIRECTED to pay Claimant workers' compensation benefits at the rate of $457.49 per week from January 6, 2015 into the future with an additional 10% interest on delayed compensation benefits.
>
> ***
>
> [Employer] is ORDERED and DIRECTED to pay litigation expenses as listed in Findings of Fact and all medical expenses incurred by the Claimant that are reasonable, necessary and related to the Claimant's employment incident of January 5, 2015.
>
> [Counsel] is entitled to *20% of the compensation benefits awarded as counsel fees payable from Claimant's share of the award*.

*Id.* at 10 (emphasis added). Employer appealed to the Board, and Claimant cross-appealed, asserting that WCJ Stokes erred in the calculation of his average weekly wage.[2]

---

[2] The Board denied Employer's appeal. On Claimant's cross-appeal, the Board remanded for the WCJ to make further findings on Claimant's average weekly wage. Following a hearing on April 20, 2017, WCJ Stokes issued a decision confirming his prior computation of Claimant's compensation rate. Employer appealed WCJ Stokes' second decision for the sole purpose of

On August 18, 2016, Claimant filed a review petition and a penalty petition, alleging that Employer "refuses to pay for medical treatment [C]laimant incurred as a result of his work injury" and "has withheld payment of counsel fees on benefits awarded as a result of the WCJ decision from Mercy Fitzgerald Hospital [(Hospital)]." Certified Record (C.R.), Item No. 2 at 1. The case was assigned to WCJ Geoffrey Lawrence.

In support of his claim for counsel fees, Counsel submitted the fee agreement that Claimant signed on January 29, 2015, which states in pertinent part, as follows:

> In consideration for services rendered and to be rendered, *I agree to pay my attorney a sum equal to 20% percent (sic) of whatever may be recovered from said claim* either by suit, settlement, or in any other manner or of whatever may be recovered if a second trial or appeal is taken.

Reproduced Record at 1 (R.R. __) (emphasis added). Counsel also submitted an affidavit of Claimant dated October 11, 2016, in which Claimant attested, *inter alia*, to the following:

> I entered into a fee agreement with my attorney for twenty (20%) percent of whatever benefits I received. I understand that that applies to past due medical expenses as well as any wage loss benefits. It is my understanding that providers may seek the balance of the twenty (20%) percent of the bill from me should they be dissatisfied with the eighty (80%) percent they will receive. I entered into this fee agreement with full understanding with my rights and liabilities.

---

having the Board make its prior order final. The Board granted the request, and Employer appealed to this Court. By opinion and order of March 22, 2019, we affirmed the Board's adjudication. *American Airlines, Inc. v. Workers' Compensation Appeal Board (Neves)* (Pa. Cmwlth., No. 644 C.D. 2018, filed March 22, 2019).

R.R. 2-3. Thereafter, the parties agreed to have Employer pay 80% of the amount owing to the Hospital for its repriced medical bills. The remaining 20% was placed in escrow.

On September 8, 2017, the parties entered into a compromise and release (C & R) agreement. It settled the penalty petition and authorized continued litigation on Claimant's review petition to determine "whether a 20% attorney fee is to be deducted and paid from the repriced medical bills from [the] Hospital as they pertained to the 1/05/2015 hospitalization." R.R. 24.

On November 6, 2017, WCJ Lawrence denied Claimant's review petition, holding that Counsel was not entitled to an attorney fee of 20% of Claimant's medical compensation. WCJ Lawrence held that Claimant's review petition was barred by the doctrine of *res judicata* because Claimant did not appeal WCJ Stokes' order that Counsel was "entitled to 20% of the compensation benefits awarded as counsel fees payable from Claimant's share of the award." *See* WCJ Stokes Decision, 5/3/2016, at 10. WCJ Lawrence construed this order to cover only the award of indemnity compensation because the 1993 amendments to the Act, Act of July 2, 1993, P.L. 190, No. 44 (Act 44), changed the medical bill payment scheme. On the merits, WCJ Lawrence held that Claimant did not establish that Counsel's fee was reasonable. In so holding, WCJ Lawrence relied upon *Piergalski v. Workmen's Compensation Appeal Board (Viviano Macaroni Company)*, 621 A.2d 1069 (Pa. Cmwlth. 1993), for the proposition that a contingent fee based upon an award of medical compensation will not be approved unless the fee is shown to be reasonable, after examining the amount and complexity of legal work involved.

Claimant appealed to the Board, arguing that WCJ Lawrence erred in his application of the *res judicata* doctrine. Claimant noted that WCJ Stokes

4

approved the fee agreement and found, as fact, that the agreement gave counsel "20% of *any benefits* awarded." WCJ Stokes Decision, 5/3/2016, at 8, Finding of Fact No. 15 (emphasis added). Claimant was not aggrieved and, thus, could not appeal to the Board. On the merits, Claimant argued that WCJ Lawrence erred because the fee agreement capped Counsel's fee at 20%, which made the fee *per se* reasonable under Section 442 of the Act.

The Board affirmed the WCJ. It sidestepped the WCJ's holding on *res judicata*, explaining that it "assum[ed] without deciding that Claimant was not aggrieved by WCJ Stokes' Order" on counsel fees and, thus, could not appeal the decision. Board Adjudication, 10/17/2018, at 3. The Board agreed with WCJ Lawrence that Claimant needed to prove the reasonableness of a fee of 20% of the medical compensation, given the legal work performed, and he did not present such evidence. In support, the Board cited *Righter v. Workers' Compensation Appeal Board (Righter Parking)*, 141 A.3d 628 (Pa. Cmwlth. 2016).

**Appeal**

On appeal to this Court,[3] Claimant raises two issues. First, Claimant argues that the Board erred because Section 442 of the Act establishes that a 20% counsel fee is *per se* reasonable, regardless of whether the award is for disability or medical compensation. Second, Claimant argues that WCJ Lawrence erred in holding that his contingent fee agreement was governed in any way by Act 44.

Employer responds that the decision of WCJ Lawrence was correct in its application of *res judicata* and on the merits. Nevertheless, before WCJ

---

[3] Our review in a workers' compensation appeal determines whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Hendricks v. Workers' Compensation Appeal Board (Phoenix Pipe & Tube)*, 909 A.2d 445, 449 n.4 (Pa. Cmwlth. 2006).

5

Lawrence, Employer acknowledged that it has no interest in the matter of Counsel's fee. Its only concern is that the Hospital not have recourse against Employer should it pay the 20% of the medical compensation award, presently held in escrow, to Counsel.

## I. The Workers' Compensation Act on Counsel Fees

As enacted in 1915, the Act did not address contingent fee agreements between claimants and their counsel. The Board adjudicated disputes that arose about counsel fees, but it did so without express authority in the Act. *See* David B. Torrey & Andrew E. Greenberg, WORKERS' COMPENSATION LAW & PRACTICE, §15:5 (3d ed. 2008). In 1972, significant reforms were enacted to correct the "deficiencies in the workmen's compensation laws with respect to the procedures for processing work-connected injury cases and payment of compensation due." Act of February 8, 1972, P.L. 25, Preamble.

Among these "procedures" addressed was the contingent fee agreement between a claimant and his counsel. Section 442 was added to the Act and stated as follows:

> All counsel fees of claimants' attorneys for services performed in matters before any referee[4] or the board, whether or not allowed as part of a judgment, shall first be approved by the referee or board as the case may be, before payment. *The official conducting any hearing may allow a reasonable attorney fee in any case not exceeding twenty per centum of the amount awarded. Provided, that upon cause shown the cost of twenty per centum may be exceeded at the discretion of the hearing official.*
>
> In cases where the efforts of claimants' counsel produce a result favorable to the claimant but where no immediate award of

---

[4] The legislature replaced the title "referee" with "workers' compensation judge" in 1996. Act of June 24, 1996, P.L. 350.

> compensation is made such as in cases of termination or suspension the hearing official may allow or award reasonable counsel fees without regard to any per centum.

Act of February 8, 1972, P.L. 25 (emphasis added). One month later, the legislature amended Section 442 to eliminate the discretion of the referee to disapprove a fee agreement that capped the counsel fee at 20% by deleting "may allow" from that sentence and placing it in the following sentence. The amended version of Section 442 stated as follows:

> *All counsel fees*, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, *shall be approved* by the referee or board as the case may be, *providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.*
>
> In cases where the efforts of claimants' counsel produce a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum.

Act of March 29, 1972, P.L. 159 (effective May 1, 1972) (emphasis added). An important feature of Section 442, unchanged by the May 1972 amendment, was that the referee was granted discretion to approve a "reasonable attorney fee" in excess of 20% of the award "upon cause shown." *Id*.

Another "procedure" addressed in the 1972 reforms was the opportunity for a claimant to recover his counsel fee, whether 20% or more, from the employer. Section 440 stated as follows:

7

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, *a reasonable sum for costs incurred for attorney's fee*, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: *Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established:* And provided further, That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tended by the insurer.
>
> In contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth.

Act of February 8, 1972, P.L. 25 (emphasis added). Section 440, for the first time, made the employer liable for the claimant's attorney fees where the employer unreasonably contested a claim for compensation. However, the employer's liability was limited to "reasonable" attorney fees. *Id*.

In sum, the May 1972 version of Section 442 required the referee to approve an agreement where the counsel fees do not exceed "twenty per centum of the amount awarded." Act of March 29, 1972, P.L. 159. It then gave discretion to the referee to approve an agreement setting counsel fees in excess of "twenty per centum of the amount awarded" upon a showing that those fees were "reasonable." *Id*. It also allowed for the claimant's payment of "reasonable counsel fees" where the referee's decision is favorable to the claimant but there is "no immediate award," such as in a termination or suspension proceeding. *Id*. Where the claimant

8

demonstrates an unreasonable contest by an employer, Section 440 authorizes the claimant's recovery from the employer of "a reasonable sum for costs incurred for attorney's fee." Act of February 8, 1972, P.L. 25. Stated otherwise, under Section 440, the claimant receives the full amount of compensation to which he was entitled had there been no contest by the employer.

Twenty years later, the General Assembly undertook another substantial revision to the Act. Act 44 limited a provider's reimbursement for a claimant's medical treatment to the Medicare level of provider reimbursement. *See* Section 306(f.1) of the Act, 77 P.S. §531. Act 44 also gave providers the opportunity to dispute "the amount or timeliness of the payment from the employer" by seeking a fee review from the Department of Labor and Industry. Section 306(f.1)(5) of the Act, 77 P.S. §531(5). Also critical to this new regime was the prohibition against a provider's recovery of "the difference between the provider's charge and the amount paid by the employer or the insurer" from the claimant, commonly referred to as "balance billing." Section 306(f.1)(7) of the Act, 77 P.S. §531(7).

Act 44 added a new subsection (b) to Section 440 to provide specific directions to the referee on how to determine a "reasonable sum" for an attorney's fee where employer's contest was unreasonable. Section 440(b) of the Act, 77 P.S. §996(b). The 1993 version of Section 440 was amended to state as follows:

> (a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been fully determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for cost incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend

9

the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

(b) *If counsel fees are awarded and assessed against the insurer or employer, then the referee must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended.* If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tended by the insurer.

Act of July 2, 1993, P.L. 190, No. 44 (emphasis added). In short, under Section 440 "a reasonable sum" is determined by the complexity of the matter and the actual time and effort expended by claimant's counsel. 77 P.S. §996. Act 44 did not revise the language of Section 442 of the Act, which continued unchanged from its 1972 version.

In 1996, the legislature amended both Sections 440 and 442 of the Act to replace the title "referee" with "workers' compensation judge." Act of June 24, 1996, P.L. 350. Otherwise, the 1996 amendments had no impact on Sections 440 and 442 of the Act.

In 2006, the legislature again amended Section 442. This amendment eliminated the possibility that a claimant and his counsel could agree to a counsel fee in excess of 20% of the award. Act of November 9, 2006, P.L. 1362. Section 442 of the Act now reads:

All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment,

10

shall be approved by the workers' compensation judge or board as the case may be, *providing the counsel fees do not exceed twenty per centum of the amount awarded*.

In cases where the efforts of claimant's counsel produce a result favorable to the claimant but where no immediate award of compensation is made, such as in cases of termination or suspension, the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum. In the case of compromise and release settlement agreements, no counsel fees shall exceed twenty per centum of the workers' compensation settlement amount.

77 P.S. §998 (emphasis added). The 2006 amendment deleted the final sentence in the first paragraph of Section 442, as adopted in 1972. Thus, under the current version of Section 442, a claimant's attorney cannot contract with his client for a fee in excess of "twenty per centum of the amount awarded," even where good cause for a higher award can be demonstrated. *See former* Section 442, Act of March 29, 1972, P.L. 159.

## II. Case Law on Counsel Fees

Section 442 and Section 440 of the Act both cover a claimant's counsel fees, but they serve different purposes. As our Supreme Court has explained, Section 442 protects claimants "against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements[,]" whereas Section 440 aims at "protecting claimants against unreasonable contests of a claimant's initial or continuing right to the benefits of the [A]ct." *Weidner v. Workmen's Compensation Appeal Board*, 442 A.2d 242, 244 (Pa. 1982).

In a series of decisions, this Court has been called upon to construe and apply Section 442. The first was *Workmen's Compensation Appeal Board v. General Machine Products Co.*, 353 A.2d 911 (Pa. Cmwlth. 1976). At issue in

11

*General Machine Products* was a contingent fee agreement that provided for a 20% attorney fee to be paid out of the claimant's award. The referee awarded the attorney a 25% fee, and the Board modified the referee's decision in two ways. It reduced the fee award to 20% and limited the fee's application to the claimant's "first check." *Id*. at 913. This Court upheld the Board's reduction of the counsel fee, reasoning that because the contingent fee agreement provided for a 20% fee, the referee lacked authority to order an extra-contractual enhanced fee. This Court reversed the Board's holding that the fee applied only to the "first check" because the fee agreement entitled the attorney to a percentage of "the total award," *i.e.*, the first check and all checks that followed. *Id*. at 915. Finally, we clarified that under Section 442, the "amount awarded" includes "all amounts awarded to a claimant in a referee's order," whether for medical or disability compensation. *Id.* Accordingly, we remanded the case for further proceedings.

Likewise, in *Henderson v. Workmen's Compensation Appeal Board (Rockwell International, Inc.)*, 452 A.2d 277 (Pa. Cmwlth. 1982), this Court reversed an order of the Board that deleted litigation costs and medical expenses from the computation of counsel fees owed under a contingent fee agreement. We reiterated that under *General Machine Products,* "the determination of counsel fees under Section 442 of the Act [] may take into account the full amount of the award made by the referee." *Id.* at 278.[5]

Significant to this appeal is this Court's decision in *Piergalski*, 621 A.2d 1069. In *Piergalski*, the claimant's estate petitioned for review of a Board decision that disallowed a 20% counsel fee on the claimant's medical compensation

---

[5] We affirmed the Board's order denying the claimant's request to hold the employer liable for his counsel fees under Section 440 of the Act because the record showed that the employer had a reasonable basis for the contest.

for the stated reason that the record lacked a copy of the fee agreement. This Court reversed. Although the claimant did not proffer the actual written agreement, the estate submitted an affidavit that established the existence of a 20% contingent fee agreement on the claimant's medical compensation. We held that the affidavit was sufficient to establish the existence and terms of a contingent fee agreement. We ordered a remand, instructing the referee to make findings concerning the reasonableness of the counsel fee based on the "time and effort expended by [counsel] in his representation of claimant." *Id.* at 1073. In this remand instruction, this Court cited *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 595 A.2d 697 (Pa. Cmwlth. 1991), and *Raulston v. Workmen's Compensation Appeal Board (Tri-State Motor Transit)*, 606 A.2d 668 (Pa. Cmwlth. 1992).

In *Koszowski*, 595 A.2d 697, the referee limited application of the counsel fee to the claimant's indemnity award, and the Board affirmed. Before this Court, the claimant argued that Section 442 did not distinguish between medical and indemnity compensation and that the Board erred in making such a distinction. In support, the claimant invoked this Court's holding in *Wommer v. Workmen's Compensation Appeal Board (Lycoming County)*, 479 A.2d 661 (Pa. Cmwlth. 1984), where this Court held that a reasonable attorney's fee should be computed based on the total compensation award, including medical compensation.

The *Koszowski* court agreed with the claimant that under *Wommer,* counsel fees should be computed on the basis of the total award of compensation, both indemnity and medical. It then stated that "as in *Wommer*," a remand was "in order for the referee to make specific findings on the work performed by [the claimant's counsel,] following which a new order on the question of reasonableness

13

and extent of an attorney's fee should be entered." *Koszowski*, 595 A.2d at 702. *Koszowski* arose under Section 442 of the Act, but *Wommer* was an unreasonable contest case arising under Section 440. In fashioning its remand instruction, the *Koszowski* court did not consider the differences between Section 440 and Section 442. Rather, it simply reiterated *Wommer's* remand instruction without explanation.

At the time *Koszowski* was decided, a referee had the discretion to approve a "reasonable fee exceeding twenty percentum of the amount awarded" so long as it was provided in the contingent fee agreement. *See former* Section 442, Act of March 29, 1972, P.L. 159. Although *Koszowski* described the fee agreement as setting a 20% fee, the Court also observed that the fee agreement was not part of the record before the Board or the Court. *Koszowski*, 595 A.2d at 699 n.2. Given the absence of the actual agreement from the record, it cannot be said that the remand instruction in *Koszowski* was erroneous. It may be that upon remand, the record would develop that the contingent fee agreement called for a fee "exceeding the twenty per centum of the amount awarded at the discretion of the hearing official." *Former* Section 442, Act of March 29, 1972, P.L. 159.

*Raulston*, 606 A.2d 668, also involved Section 442 of the Act. The Board held that the attorney was not entitled to have the counsel fee of 20% apply to the medical award because it was not "compensation." *Id*. at 669. This Court reversed the Board's holding on the basis of *Koszowski*. Because the record lacked the contingent fee agreement, we again remanded for a factual determination on whether the agreement intended "for the attorney to receive a percentage of the medical bill reimbursements as part of his fee and whether the attorney's fee is reasonable in accordance with *Koszowski*." *Id.* at 670.

14

More recently this Court decided *Righter*, 141 A.3d 628. There, the WCJ held that the contingent fee agreement did not provide that the 20% counsel fee applied to the medical award. To the contrary, the claimant testified that it was her understanding that her counsel would receive only 20% of the *indemnity* award. *Id*. at 631. The WCJ concluded, further, that the "work performed by counsel does not warrant an award beyond 20 percent of the indemnity benefits …." *Id*. at 633. We affirmed.

The holding in *Righter* was that the claimant failed to establish the existence of an agreement that entitled the claimant's counsel to 20% of the medical compensation award. Absent that agreement, the WCJ could not approve a fee of any amount, reasonable or otherwise, on the medical award. To be sure, this Court also affirmed the WCJ's conclusion that the claimant did not make the *quantum meruit* showing that the fee was reasonable, relying on *Piergalski* and *Koszowski*. However, because it was not necessary to the holding, that discussion is *obiter dicta*.

The above-described case law has established several key principles with respect to a contingent fee agreement presented to a WCJ for approval under Section 442 of the Act. First, the counsel fee should be calculated against the entire award, without regard for whether the award is for medical or indemnity compensation. *Koszowski*, 595 A.2d at 702; *Henderson*, 452 A.2d at 278; and *General Machine Products*, 353 A.2d at 915. Second, the terms of the fee agreement govern, and it is incumbent upon the claimant to establish that the parties intended that the counsel fee be applied to the entire award, including medical compensation. *Righter*, 141 A.3d at 629; *Koszowski*, 595 A.2d at 699; and *General Machine Products*, 353 A.2d at 914-15.

15

Each case, with the exception of *General Machine Products*, involved a controversy about the existence and terms of the contingent fee agreement. As a result, these cases required a remand for further proceedings, and cases post-*Koszowski* did so with the instruction that the fact finder do a *quantum meruit* analysis of the fee charged on a medical compensation award. *Piergalski*, 621 A.2d at 1070; *Raulston*, 606 A.2d at 669. The remand instruction in *Koszowski* simply followed *Wommer*, 479 A.2d at 661. However, *Wommer* arose under Section 440 of the Act, which expressly directs a *quantum meruit* analysis. Section 442 conspicuously omits such a directive.

*Koszowski* is the key decision and yet it did not so much as advert to the language differences between Sections 440 and 442 of the Act.

### III. Analysis

Claimant argues that the remand instructions in *Piergalski* and *Koszowski* deviated from the plain terms of Section 442 of the Act, which does not require that a 20% counsel fee on a medical compensation award be shown as reasonable. The *quantum meruit* analysis is only set forth in Section 440(b) of the Act. Claimant argues that the remand instruction in *Piergalski* and *Koszowski* cannot be reconciled with the current version of Section 442. We agree.

First, WCJ Lawrence erred by concluding that a medical compensation award is not part of "the amount awarded," on which a counsel fee is calculated under Section 442 of the Act. That is contrary to this Court's precedent that has held, repeatedly, that "the amount awarded," as used in Section 442, means the entire award, without regard for whether the award is for indemnity or medical compensation or both. *See Piergalski*, 621 A.2d at 1070; *Koszowski*, 595 A.2d at 702; *Henderson*, 452 A.2d at 278; and *General Machine Products*, 353 A.2d at 915.

16

Second, the fee agreement here expressly provided that Claimant "agree[s] to pay [his] attorney a sum equal to 20% percent (sic) of *whatever may be recovered from said claim*[.]" R.R. 1 (emphasis added). WCJ Stokes awarded Claimant both indemnity and medical compensation and then found that Counsel was entitled to "20% of *any benefits awarded to be paid* as counsel fees" under the fee agreement. WCJ Stokes Decision, 5/3/2016, at 8, Finding of Fact No. 15 (emphasis added). *General Machine Products*, 353 A.2d at 915, required this decision by WCJ Stokes.

In an aside, *Koszowski* observed that if 20% of "medical expenses is to be awarded to [c]laimant's attorney, then the question arises as to who is responsible for the balance of medical expenses due the medical supplier." *Koszowski,* 595 A.2d at 702 n.6. Indeed, the *Koszowski* concurring opinion observed that there was a potential conflict of interest between the attorney and his client on this point and suggested that the conflict be addressed at the time the fee agreement is made. Here, the fee agreement addresses these concerns. Claimant expressly acknowledged in the fee agreement that he may be liable to the medical provider for the 20% withheld from the award for Counsel's fee.[6]

The remand instruction in *Koszowski* and *Piergalski* for a determination of the reasonableness of counsel fee was made at a time when Section 442 allowed a reasonable attorney fee in excess of 20% upon good cause shown. Thus, the remand for a *quantum meruit* analysis may have been appropriate given the language of Section 442 at the time. It would be erroneous today because since 2006, the current version of Section 442 does not allow a claimant's counsel to contract for a fee in excess of 20% of the award.

---

[6] *Koszowski* was decided before Act 44, which implemented medical cost savings and, *inter alia*, prohibited providers from "balance billing" claimants.

17

Section 442 of the Act provides, in plain terms, that the WCJ must approve "*[a]ll counsel fees, agreed upon by claimant and his attorneys*, for services performed in matters before any [WCJ] or the board … *providing the counsel fees do not exceed twenty per centum of the amount awarded*." 77 P.S. §998 (emphasis added). We hold that Section 442 does not distinguish between the type of compensation awarded; does not require an inquiry into the reasonableness of a 20% fee agreement; and does not make the amount and degree of difficulty of the work performed by the attorney relevant. A 20% counsel fee is *per se* reasonable.

This holding does not implicate the doctrine of *stare decisis*, as the dissent suggests. Our Supreme Court has explained that in cases of statutory interpretation, the doctrine is afforded "greater sanctity because the legislature can prospectively amend the statute if it disagrees with a court's interpretation." *Commonwealth v. Doughty*, 126 A.3d 951, 955 (Pa. 2015). However, the doctrine of *stare decisis* is inapposite with respect to Section 442 of the Act.

First, from the beginning, this Court has construed Section 442 of the Act to mean that "amount awarded" referred to the entire award, regardless of the type of compensation awarded. *General Machine Products*, 353 A.2d at 915. Since its enactment, Section 442 has required the fact finder, now the WCJ, to approve a negotiated 20% counsel fee without regard to whether it applied to indemnity or medical compensation.

Second, in this case, the Board's order was derived from the remand instruction in *Koszowski*, which may or may not have been erroneous at the time for the reasons set forth above. However, the remand instruction was not the holding. Likewise, *Righter* concerned a controversy about whether the contingent fee agreement applied to the medical compensation award. Here, by contrast, the terms

18

of the agreement are clear that the counsel fee applied to an award of medical compensation. In any case, *Righter's* summary of *Koszowski* was not the dispositive holding.

The Board erred in grafting Section 440(b) onto Section 442 of the Act. When statutory language is clear and free from all ambiguity, it provides the best indication of legislative intent. 1 Pa. C.S. §1921(b); *Commonwealth v. Dickson*, 918 A.2d 95, 100 (Pa. 2007). Simply, the Board's construction of Section 442 deviates from its plain language and, thus, we reverse its adjudication.

WCJ Lawrence also held that because Act 44 gave providers an independent right to payment, it "cannot be bargained away" by a claimant's counsel. WCJ Lawrence Decision, 11/6/2017, at 4. Section 442 provides that the WCJ must approve counsel fees that "do not exceed twenty per centum of the amount awarded." 77 P.S. §998. This quoted language has been in Section 442 of the Act since 1972, when it was first enacted, and Act 44 did not revise it in any way. If the WCJ was correct, then no counsel fee, even a counsel fee found to be reasonable after a *quantum meruit* analysis, could be applied to a medical compensation award. Notably, the Hospital in the instant case had a right to seek a fee review under Section 306(f.1)(5) of the Act, 77 P.S. §531(5); it did not do so. Analogizing to subrogation cases, Claimant argues that a medical provider that benefits from the efforts of a claimant's counsel cannot expect to be excused from paying a fair share of the counsel fees. *See, e.g.*, *Shearer v. Moore*, 419 A.2d 665, 668 (Pa. Super. 1980) (stating that equity requires that "where a subrogor's attorney creates a common fund for the benefit of the subrogor and subrogee, the attorney is entitled to reimbursement from the subrogee for its proportionate share of reasonable attorney's fees and expenses of litigation").

19

There may be policy reasons, as the dissent observes, to regulate the counsel fee differently, depending on whether the fee was incurred for pursuing an award of medical compensation as opposed to indemnity compensation. These policy concerns should be addressed to the General Assembly. Simply, "[t]he wisdom of the policy behind legislative enactments is generally not the concern of the court." *Mayhugh v. Coon*, 331 A.2d 452, 456 (Pa. 1975). The Court's job is to "interpret legislative enactments and not to promulgate them." *Id.* at 456. When a statute is clear and free from ambiguity, "the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. §1921(b).

**Conclusion**

Here, the contingent fee agreement provided that "20% of any benefits awarded" would be paid as counsel fees, WCJ Stokes Decision, 5/3/2016, at 8, Finding of Fact No. 15, and this applied to both medical and disability compensation benefits. The Board erred in holding that a *quantum meruit* analysis had to be undertaken with respect to the medical compensation portion of Counsel's fee. That requirement was neither required nor authorized by Section 442 of the Act. Accordingly, we reverse the Board's October 17, 2018, adjudication and remand the matter for an order directing Employer to pay Counsel's fees.

_____
MARY HANNAH LEAVITT, President Judge

20

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Neves,                          :
            Petitioner                 :
                                       :
        v.                             :    No. 1431 C.D. 2018
                                       :
Workers' Compensation Appeal Board     :
(American Airlines),                   :
            Respondent                 :

# **O R D E R**

AND NOW, this 14th day of May, 2020, the order of the Workers' Compensation Appeal Board dated October 17, 2018, in the above-captioned matter is REVERSED, and the matter is REMANDED for further proceedings consistent with the attached Opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge

Robert Neves,                :

                                  :

              Petitioner  :

                                  :

         v.               : No. 1431 C.D. 2018

                                  : Argued: November 13, 2019

Workers' Compensation Appeal  :

Board (American Airlines),     :

                                  :

             Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

DISSENTING OPINION
BY JUDGE WOJCIK                          FILED: May 14, 2020

Robert Neves (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge that Claimant's counsel was not entitled to counsel fees of 20% of the amount due to Mercy Fitzgerald Hospital for medical expenses related to Claimant's work injury. The Majority holds that the Board erred in construing Section 442 of the Workers' Compensation Act (Act)[1] as still requiring a determination of reasonableness to support an additional award of counsel fees for the recovery of medical expenses. Because I believe the Majority's holding departs

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §998.

from well-settled law, disregards Section 306(f.1) of the Act,[2] and fails to interpret Section 442 consistent with the Act's humanitarian purpose, I respectfully dissent.

## Claim Petition

Claimant suffered a work-related heart attack on January 5, 2015, during the course of his employment with American Airlines, Inc. (Employer). He was taken to the emergency room at Mercy Fitzgerald Hospital, where he was admitted for three days and had two stents inserted. Claimant experienced a second cardiac incident outside of work on January 11, 2015; he was hospitalized for two weeks and had additional stents inserted.

On February 3, 2015, Claimant filed a claim petition, which was assigned to Workers' Compensation Judge Joseph Stokes (WCJ Stokes). WCJ Stokes concluded that Claimant met his burden of proof and granted the claim petition. Further, WCJ Stokes concluded that Employer was responsible for the payment of wage loss benefits at the rate of $457.49 per week, with interest, litigation expenses, and all medical expenses related to the work injury. WCJ Stokes also concluded that Employer established a reasonable basis for its contest. WCJ Stokes's Conclusions of Law, Nos. 3, 5, 6; Reproduced Record (R.R.) at 13. In relevant part, consistent with these Conclusions of Law, WCJ Stokes's order states:

> [Employer] is ORDERED and DIRECTED to pay Claimant workers' compensation benefits at the rate of $457.49 per week . . . with an additional 10% interest on delayed compensation payments.
> * * *
>
> [Employer] is ORDERED and DIRECTED to pay litigation expenses . . . and all medical expenses incurred

___
[2] Section 306(f.1)(7) was added by the Act of July 2, 1993, P.L. 190, 77 P.S. §531(7).

by the Claimant that are reasonable, necessary and related to the Claimant's [work injury].

[Claimant's counsel] is entitled to 20% of the compensation benefits awarded as counsel fees *payable from Claimant's share of the award.*

WCJ Stokes's decision at 10, R.R. at 14 (emphasis added). Thus, the order separately directed Employer to pay indemnity benefits, litigation costs, and medical expenses, and ordered Claimant to pay counsel fees from "his share" of the award.

Employer appealed to the Board, and Claimant cross-appealed. Claimant argued only that the WCJ erred in calculating his average weekly wage (AWW); he did not request clarification of the WCJ's order as to the amount or source of payment of counsel fees. On February 17, 2017, the Board affirmed on the merits but remanded for additional findings as to Claimant's AWW. On August 14, 2017, WCJ Stokes determined Claimant's AWW to be $508.32. Thereafter, on Employer's petition, the Board issued an order making its decision final. Employer appealed that decision to Commonwealth Court, which affirmed on March 22, 2019. *See American Airlines, Inc. v. Workers' Compensation Appeal Board (Neves)* (Pa. Cmwlth., No. 644 C.D. 2018, filed March 22, 2019).

**Review and Penalty Petition**

Meanwhile, on August 18, 2016, Claimant filed a review and penalty petition, asserting that Employer failed to pay for medical treatment related to the work injury[3] and had withheld counsel fees for the medical expenses paid to Mercy

---

[3] Employer contested the work-related nature of the second hospitalization.

MHW - 3

Fitzgerald Hospital as a result of WCJ Stokes's decision.[4]  This petition was assigned to Workers' Compensation Judge Geoffrey Lawrence (the WCJ).

The WCJ conducted hearings on the review and penalty petition on September 20, 2016, February 7, 2017, and April 18, 2017.  Claimant submitted a contingent fee agreement, which states in relevant part as follows: "In consideration for services rendered and to be rendered, *I agree to pay my attorney* a sum equal to 20% of whatever may be recovered from said claim either by suit, settlement, or any other manner or of whatever may be recovered if a second trial or appeal is taken." R.R. at 1 (emphasis added).

Claimant also submitted an affidavit, dated October 11, 2016, indicating he understood that the 20% fee agreement applied to past due medical expenses as well as wage loss benefits.  R.R. at 2-3.  The affidavit reflected Claimant's mistaken understanding that "*providers may seek the balance of the* [*20%*] *of the bill from* [*Claimant*] should they be dissatisfied with the [80%] they will receive." *Id.* (emphasis added).

On September 8, 2017, the WCJ approved a compromise and release agreement (C&R) submitted by the parties.[5]  The C&R resolved all issues of indemnity and medical benefits,[6] but it did not resolve the dispute over counsel fees

---

[4] At some point, Employer paid 80% of the repriced amount for Claimant's stay at Mercy Fitzgerald Hospital and placed the remaining 20% in escrow.  *See* Ex. C-3, a statement dated September 21, 2016, reflecting payment of $7,715.61 to Mercy Fitzgerald Hospital.  R.R. at 4. The record indicates that payment was made after WCJ Stokes's May 3, 2016 order granting the claim petition but before the first hearing on the review petition.  The document contains a date, amount, and a pay code, *but it does not identify the payor, the services provided, or the patient. Id.*

[5] Claimant withdrew the penalty petition.
[6] Claimant agreed to resolve his claim for $125,000 less $25,000 in counsel fees.

on the medical bills from Mercy Fitzgerald Hospital. Claimant submitted a proposed finding of fact stating that Employer "*shall have no further responsibility for payment of [the Mercy Fitzgerald Hospital bill] after payment to counsel of the balance of 20%.*" WCJ's opinion at 4 (emphasis in original). Employer filed a post-hearing letter stating that it had no objection to the proposed finding because it had no financial interest in the outcome and believed that the adoption of the proposed finding of fact would protect it from recourse by the provider.

In his November 6, 2017 decision, the WCJ concluded that Claimant's counsel was not entitled to counsel fees related to or payable from the Mercy Fitzgerald Hospital bill, citing three reasons.

First, the WCJ concluded that *res judicata* barred the claim. The WCJ noted that WCJ Stokes specifically ordered a counsel fee payable from Claimant's share of the award. He explained that, because providers have an independent right to payment under the Act, medical bills are not part of a claimant's share. Therefore, he concluded that Claimant should have sought clarification or amendment of WCJ Stokes's order.

Next, the WCJ explained that Claimant could not bargain away the statutory rights of Mercy Fitzgerald Hospital to payment. The WCJ noted that the 1993 amendments to the Act[7] gave providers an independent right to challenge the amount and timeliness of payments due, while prohibiting providers from billing claimants for any amounts owed. The WCJ found that the parties' assumptions that

_____

[7] Act of July 2, 1993, P.L. 190, No. 44 (Act 44).

they could waive a provider's right as well as insulate Employer from recourse was simply wrong.[8]

Finally, citing *Piergalski* v. *Workmen's Compensation Appeal Board (Viviano Macaroni Co.)*, 621 A.2d 1069 (Pa. Cmwlth. 1993), the WCJ concluded that the right to an additional counsel fee for medical benefits must be established by evidence that the fee was reasonable, and Claimant submitted no evidence to support the request for an additional fee. Accordingly, the WCJ denied Claimant's review petition and ordered Employer to pay Mercy Fitzgerald Hospital the remaining balance owing under the Act.

Claimant appealed to the Board, arguing that there was no need for him to appeal from WCJ Stokes's order because it included an award of counsel fees on medical bills. The Board assumed, but did not decide, that Claimant was not aggrieved by WCJ Stokes's order. Additionally, the Board did not address the WCJ's analysis concerning the independent rights of a provider to payment conferred by the Act.

However, like the WCJ, the Board cited *Piergalski* and its holding that a WCJ's attorney's fee award of a percentage of medical expenses requires a determination of both the claimant's intent and whether the fee is reasonable. The Board also relied on our recent decision in *Righter v. Workers' Compensation Appeal Board (Righter Parking)*, 141 A.3d 628 (Pa. Cmwlth. 2016), to affirm the WCJ's conclusion that Claimant was required to submit evidence to support an

---

[8] Additionally, the WCJ highlighted the significance of the 1993 changes to the Act, noting that older cases that approved of attorney's fees for recovery of medical expenses acknowledged the risk that the medical provider would seek payment from the claimant directly. In those circumstances, the employer/insurer's payment of medical expenses directly benefitted the claimant, whereas, here, Claimant bore no responsibility for payment of medical bills covered by the Act.

award of 20% of medical expenses in addition to 20% of indemnity benefits awarded on the resolution of the claim petition.

## Issues

The issues raised on appeal include: (1) whether Section 442 of the Act requires a WCJ's approval of an attorney's fee award in every case; (2) whether, under Section 442, a WCJ's approval of an attorney's fee award requires a finding of reasonableness; and (3) whether, under Section 442, an attorney's fee of 20% of medical expenses is reasonable, *per se,* in every case.

On appeal, Claimant argues that the WCJ erred in construing the fee review provisions of the Act as an impediment to an award of attorney's fees for recovery of medical expenses. Claimant correctly notes that a provider has no entitlement to payment unless liability is established, but he misstates or misconstrues the WCJ's decision as holding that medical expenses are not compensation. Claimant also asserts that equitable principles militate in favor of requiring a provider to share in the cost of recouping payments owed.[9]

The Majority concludes that our case law has deviated from Section 442 of the Act by conflating the requirements for determining reasonableness under Section 440 of the Act.[10] I disagree. The Majority's conclusion fails to recognize that, as the law allowing attorney's fees for payment of medical bills evolved, fundamental principles persisted. The most important principle is the purpose of Section 442, which is to benefit and protect a claimant. Mindful of that purpose, decisions applying Section 442 to the recovery of medical bills, even when the

---

[9] In its brief, Employer argues that the Board's order should be affirmed.

[10] Added by the Act of February 8, 1972, P.L. 25.

MHW - 7

recovery directly benefitted the claimant, required a determination of reasonableness based largely on the claimant's intent.

## Analysis

Section 442 "clearly governs all fee agreements in cases before the WCJ." *Samuel v. Workers' Compensation Appeal Board (Container Corp. of America)*, 814 A.2d 274, 278 (Pa. Cmwlth. 2002). In relevant part, it provides that *every* award of counsel fees made under an agreement between a claimant and counsel must be approved by a WCJ.

> *All counsel fees, agreed upon by claimant and his attorneys,* for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, *shall be approved by the workers' compensation judge* or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.

77 P.S. §998 (emphasis added).[11]

The regulations governing Administrative Practice and Procedure before the WCJ additionally provide:

---

[11] Where attorney's fees are awarded for an unreasonable contest, Section 440 of the Act applies. It states in part:

> In any contested case where the insurer has contested liability in whole or in part, . . . the employe . . . in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, *a reasonable sum for costs incurred for attorney's fee* . . . .

77 P.S. §996 (emphasis added).

(a) *In all cases*, claimant's counsel shall submit a copy of the fee agreement, and a copy of any statement or claim for disbursements, costs and expenses. *No agreement or claim for fees or other disbursements, costs or expenses by claimant's counsel shall be valid, and no payments shall be made pursuant thereto*, unless approved for payment by the [WCJ or the Board] as provided by law. Except as otherwise approved, no further fee, cost or expense is to be charged.

34 Pa. Code §131.55(a) (emphasis added). The Majority concludes that, over time, amendments to Section 442 replaced the WCJ's discretion over attorney's fee awards up to 20% with a rubber stamp. This interpretation renders the WCJ's approval, although a requirement emphasized by both statute and regulation, a meaningless exercise.

More importantly, the Majority's narrow interpretation of Section 442 squarely conflicts with the Supreme Court's observation that Section 442 "evidences a legislative intent to protect claimants against unreasonable fees imposed upon them by their attorneys pursuant to an improvident agreement." *Lawson v. Workers' Compensation Appeal Board (Temple University)*, 857 A.2d 222, 225 (Pa. Cmwlth. 2004) (*en banc*) (citing *Weidner v. Workmen's Compensation Appeal Board*, 442 A.2d 242 (Pa. 1982)). This Court has long recognized that a 20% award on indemnity benefits is reasonable under Section 442. However, contrary to the Majority's determination, a review of relevant precedent does not support the holding that, in every case under Section 442, an award of attorney's fees representing 20% of medical expenses also is reasonable *per se*. Rather, from the outset, courts have considered approval of attorney's fees for medical bills as involving a discrete analysis of the claimant's intent, the work performed, and the risks and benefits to the claimant. This was so even where the claimant benefitted directly from the payment of medical bills. The Majority's analysis: ignores the

presumption under Section 442 that the 20% counsel fees will be paid from the claimant's recovery, which is what WCJ Stokes explicitly ordered in this case; is contrary to the well-established legislative intent underlying Section 442; overlooks the provider's independent right to recovery under Section 306(f.1)(7); and inflates the potential for a conflict of interest between a claimant and counsel. In doing so, the Majority's holding contradicts, rather than corrects prior decisions.

For example, in *Workmen's Compensation Appeal Board v. General Machine Products Co.*, 353 A.2d 911 (Pa. Cmwlth. 1976), the issue was whether the Board erred in limiting the referee's[12] award of counsel fees to 20% of "the first check for compensation received by [the claimant]." 353 A.2d at 913. We first clarified that decisions under Section 440 of the Act were not relevant. We emphasized the language of the contingent fee agreement, which expressly, and separately, provided that calculation of counsel fees included recovered medical bills, stating in part:

> (2) Pursuant to 77 P.S. [§]998, I agree to an attorney's Contingent Fee of twenty percent (20%) out of any verdict, settlement, or award that I may receive and I further agree to pay said percentage of my benefits on all future benefits or awards arising out of the attorney's representation of me, and this is to include awards of total disability in futuro or partial disability in futuro, as arising under Section 307 of the [Act] . . . . This percentage to be applied to all work done and completed at the level of the Referee.

* * *

---

[12] Prior to the 1996 amendments to the Act, workers' compensation judges were known as referees.

MHW - 10

(6) All monies received in collection of hospital bills, doctor's bills, bills for prosthetic devices, bills for prescriptions and other recoverable items of damage shall not be treated as cost items but are recoverable damages upon which my said attorneys shall be entitled to a contingent fee as set forth above.

353 A.2d at 912-13. We held that a 20% counsel fee was payable on the "amount awarded," adding that "[t]he phrase 'amount awarded' is clear on its face. It includes *all amounts awarded to a claimant* in a referee's order." *Id.* at 915 (emphasis added). We made no specific reference to medical bills in *General Machine*. We simply held that "the fee agreement and Section 442 [entitled the attorney] to a percentage of the total award," that the referee was without authority to increase that amount, and that the Board erred in limiting counsel's recovery to the first check. The distinction between medical bills and indemnity benefits was not an issue in the case, nor was the reasonableness of a 20% fee challenged.

In *Henderson v. Workmen's Compensation Appeal Board (Rockwell International, Inc.*), 452 A.2d 277 (Pa. Cmwlth. 1982), we reversed the Board's deletion of litigation costs and medical expenses from the computation of counsel fees. "We have held that the determination of counsel fees under Section 442 of the Act[] *may* take into account the full amount of the award made by the referee, [*General Machine*] . . . ." 452 A.2d at 278 (emphasis added). This Court's relevant analysis was limited to this summary conclusion. Notably, *General Machine* relied on both the contingent fee agreement and Section 442 of the Act.

In *Wommer v. Workmen's Compensation Appeal Board (Lycoming County)*, 479 A.2d 661 (Pa. Cmwlth. 1984), the employer was ordered to pay the claimant $426.00 in indemnity benefits and $3,175.15 in medical bills. The contingent fee agreement called for a fee of 20% of the award. The issue presented

was whether it was error to limit the award of unreasonable contest attorney's fees under Section 440 of the Act, where counsel was seeking more in fees than the claimant received in wage loss compensation.  This Court reasoned that payment of medical expenses incurred is part of the compensation award "even though those monies do not necessarily go into a claimant's 'pocket.'"  479 A.2d at 662. Nevertheless, we did not hold that a fee based on medical expenses was required in every case, or that a fee of 20% of medical bills was always reasonable.  Instead, we explained:

> Section 442 of the Act requires the Board or the referee to approve any attorney's fees, 77 P.S. §998 (Supp. 1984-85); **as a general rule, we would agree that a claimant would not be compelled to pay an attorney a fee which is greater than the amount received in weekly compensation benefits**.  As the Supreme Court stated in *Weidner v. Workmen's Compensation Appeal Board*, [442 A.2d 242, 244 (Pa. 1982)], "Section 440 . . . shows a legislative intent of protecting claimants against unreasonable contests of a claimant's initial . . . right to the benefits of the Act. . . ."  We therefore believe *in appropriate circumstances* **that a computation of attorney's fees based on the total compensation award, including medical expenses, may be appropriate**,[] **even though that amount may be greater than the amount the claimant would have had to pay** an attorney if a reasonable contest had been presented.

479 A.2d at 662 (italics in original, bold emphasis added).  Thus, while we recognized that a claimant's award included payment of medical expenses, *we stated that an attorney's right to include medical bills in the computation of fees was not unqualified under Section 442*.  Having noted that an award of reasonable contest attorney's fees under *Section 440* of the Act required findings concerning the amount and degree of difficulty of the work performed, we remanded for such findings.

In *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.),* 595 A.2d 697 (Pa. Cmwlth. 1991), the referee denied the employer's petition for termination, suspension, or modification and ordered the employer to pay the medical bills set forth in the referee's decision. The referee found that the 20% fee agreement between the claimant and his counsel was reasonable and ordered an attorney's fee of 20% of the claimant's disability compensation be deducted and paid therefrom. The Board affirmed. On appeal to this Court, the claimant challenged the referee's order limiting the attorney fees to 20% of indemnity benefits. Relying on *Wommer*, the claimant argued that because he was also awarded medical expenses, his attorney should receive 20% of the award for medical benefits as well as 20% of the disability compensation awarded. Significantly, the fee agreement was not contained in the record forwarded to the Board or the Court.

> As argued by [the claimant], medical expenses may be included as part of the attorney's fee. However, as in *Wommer*, this Court cannot reach a conclusion based upon the present record concerning the reasonableness of the fee due [the claimant's] attorney because there is no evidence regarding the amount and degree of difficulty of the work performed by counsel. As such, a remand is in order for the referee to make specific findings on the work performed by [the claimant's] attorney, following which a new order on the question of reasonableness and extent of an attorney's fee should be entered.[6]

595 A.2d at 702. Additionally, we further observed:

> [U]nlike *Wommer*, a reasonable contest was presented. Conclusions of Law No. 3. Furthermore, if twenty percent of medical expenses is to be awarded to [the claimant's] attorney, then the question arises as to who is responsible for the balance of medical expenses due the medical supplier. This problem would not arise, however, where

> the [claimant] has actually paid the medical bills, is attempting to recoup for such bills and is merely paying his attorney for the amounts recovered.

595 A.2d at 702 n.6. Clearly, the Court in *Koszowski* distinguished *Wommer* and acknowledged that an eventual attorney's fee payable from the claimant's award may include 20% of medical bills.[13]

In *Raulston v. Workmen's Compensation Appeal Board (Tri-State Motor Transit),* 606 A.2d 668 (Pa. Cmwlth. 1992), the sole question before this Court was whether, upon successfully litigating a claim petition, the claimant's counsel was entitled to a percentage of the reimbursement for medical bills in addition to a percentage of the claimant's weekly wage loss benefits. *Id.* at 669. The insurer paid the claimant's attorney 20% of the weekly indemnity benefits, or $430.22. However, after forwarding 80% of the award for medical bills in order that it be paid to the medical providers, the insurer retained the additional 20% and refused to pay it to the claimant's attorney. The claimant's attorney requested clarification from the referee with respect to the attorney's fees but received no response.

Thereafter, the claimant's attorney filed a petition with the Board, requesting approval of his attorney's fee. The Board held that the claimant's attorney was not entitled to 20% of the reimbursement for medical bills, based, in part, on its concern that the claimant would still owe the medical providers the 20% of the medical bill reimbursements that was paid to his attorney. Twenty years after

---

[13] Judge Pellegrini authored a concurring opinion in *Koszowski*, expressing concern that counsel sought a fee that the claimant was obligated to pay. 595 A.2d at 702. He noted that a potential conflict of interest could be avoided if the claimant's counsel entered into a separate agreement with the medical provider to reimburse it for fees collected. 595 A.2d at 702 n.1. (Pellegrini, J., concurring).

the 1972 amendment to Section 442, the question of whether attorney's fees were payable for recovery of medical bills was still being litigated.

On appeal in *Raulston*, citing *Koszowski*, *Henderson*, and *General Machine*, we again held that medical expenses *may* be included in the amount awarded to a claimant for purposes of awarding counsel fees. "[W]e have often held that medical expenses may be included when computing a claimant's attorney's contingent fee." 606 A.2d at 669. However, we noted that the referee's decision did not expressly provide that the claimant's attorney should receive 20% of the medical bill reimbursements. Additionally, the referee did not explicitly approve the fee agreement between the claimant and his counsel "as required by Section 442 of the Act." 606 A.2d at 668. *Noting that the fee agreement was not included in the original record*, we vacated the Board's order and remanded for determinations concerning the claimant's intent and "whether the attorney's fee is reasonable in accordance with *Koszowski*."[14]  *Id.*

Unlike the Majority, because *Koszowski* acknowledged that Section 442 governed the award of counsel fees *and* that a 20% fee on the total award was possible, I do not construe the phrase "in accordance with *Koszowski*" as mandating,

_____

[14] In doing so, we observed:

> Although the [B]oard expresses a valid concern about *a claimant's shortfall in funds* to pay his medical providers if his attorney receives part of the award, we note at least two arguments that favor the opposing view. One is the possible hesitancy of attorneys to accept cases where the recovery will consist largely or of such recovery as a fee. The other is our own hesitancy to interfere with a private contract *between a claimant and his attorney* if their intent is to allow the attorney to accept a portion of such recovery as his fee.

*Raulston*, 606 A.2d at 669 n.5 (emphasis added).

in every case, a computation of fees for payment of medical bills based on hours or difficulty of the work. Rather, I believe these cases illustrate a pattern of interpreting Section 442 in every case in accordance with its purpose.

*Piergalski*, decided in 1993, reversed the Board's exclusion of medical expenses recovered from the 20% contingent fee award. The employer's request for supersedeas had been denied, and the insurer had paid the medical providers in full. The attorney did not submit a fee agreement before the referee but submitted the actual agreement to the Board. However, the Board cited the absence of a written agreement as reason to deny counsel fees for the recovery of approximately $70,000.00 in medical bills. We held, first, that a written agreement was not required, and noted the attorney had submitted an affidavit establishing his right to a 20% contingent fee on all sums obtained. We further stressed that Section 442 clearly provided that a 20% fee is *per se* reasonable.

Nevertheless, we again *separately* considered whether the attorney was entitled to a 20% fee based on medical expenses. "However, *the question remains* as to whether computation of attorney's fees, with regard to a 20% contingent fee agreement, includes 20% of claimant's medical expenses." 621 A.2d at 1072 (emphasis added).

> In both *Koszowski* and *Raulston*, this Court determined that while 20% of a claimant's medical expenses could be awarded as attorney's fees, per [*Wommer*] and [*General Machine*], 20% of the medical expenses should only be awarded as attorney's fees if this amount constitutes a "reasonable" attorney's fee. The Court, in both *Koszowski* and *Raulston*, remanded the matters for the referee to determine the question of whether an attorney's fee of 20% of medical expenses would be reasonable. *Koszowski* also directed the referee to make specific findings on the work performed by claimant's attorney,[] following which

a new order on the question of reasonableness and extent of an attorney's fee should be entered.

In accordance with our decisions in *Koszowski* and *Raulston*, we remand this matter to the Board, with instructions to remand it to the referee to make specific findings on the time and effort expended by [counsel] in his representation of claimant and to enter a new order on the question of the reasonableness of the attorney's fee with regard to claimant's medical expenses.

621 A.2d at 1073. Thus, this Court again held that while counsel fees could be based on recovery of medical bills, an award of 20% counsel fees on medical expenses required evidence of reasonableness.

Notably, *Piergalski*, *Raulston, Koszowski,* and *Wommer* were decided *after* the 1972 amendment to the Act established that a 20% attorney's fee is *per se* reasonable. Although it may have been misleading for the courts in *Piergalski*, *Raulston* and *Koszowski* to imply that, under Section 442, the reasonableness of fees for recovery of medical expenses must be based on the amount and difficulty of work, that should not obscure the significant fact that a counsel fee award based on payment of medical bills was long considered to be *in addition to* the 20% fee award on indemnity benefits. *Henderson; General Machine*. This was so despite this Court's recognition that the recovery of medical expenses was a pecuniary benefit to the claimant, even if the monies did not go "directly into the claimant's pocket."

That pecuniary benefit no longer inures to the claimant. As amended in 1993, Section 306(f.1)(7) of the Act *prohibits* providers from billing claimants for treatment. It states:

(7) *A provider shall not hold an employe liable for costs related to care or service rendered in connection with a compensable injury under this act.* A provider shall not bill or otherwise attempt to recover from the employe the

difference between the provider's charge and the amount paid by the employer or the insurer.

77 P.S. §531(7) (emphasis added).  This change in the law begs the question of whether payment of expenses for which a claimant cannot be held liable is properly considered part of the "claimant's award."

More recently, in *Righter*, this Court affirmed a WCJ's denial of an attorney fee of 20% of the medical bills paid because: (1) the agreement between the claimant and the attorney did not explicitly provide for a 20% fee on the claimant's medical benefits; (2) counsel did not establish before the WCJ that the fee was reasonable in light of the time and effort expended on obtaining medical benefits; and (3) the requested fee was unreasonable in light of the work performed.

Reviewing applicable precedent, Judge Cohn Jubelirer stated:

> In determining whether medical bill payments should be included in a contingent fee agreement, the WCJ must assess:  (1) whether the claimant and counsel intended for counsel to receive a percentage of the medical bill payments; and (2) whether the fee is reasonable.  *See* [*Raulston*] (remanding the matter to the Board for fact finding on the claimant's intent and the reasonableness of the fee).  We have further held that a reasonableness inquiry in this context should address the amount and degree of difficulty of the work performed by the attorney. [*Wommer*]; *see also Piergalski,* 621 A.2d at 1073 (remanding the matter to the Board with instructions to remand it to the WCJ "to make specific findings on the time and effort expended by [counsel] in his representation of claimant and to enter a new order on the question of the reasonableness of the attorney's fee with regard to claimant's medical expenses" (emphasis added)).  David Torrey and Andrew Greenberg describe the WCJ's inquiry in this regard as a "quantum meruit analysis," and we agree that this is an appropriate description of the WCJ's task.   D. Torrey  &  A.   Greenberg, Workers' Compensation: Law and Practice §15:10 (West 2008) (hereinafter, Torrey & Greenberg).  Thus, counsel seeking

a contingent fee on medical bill payments *in addition to the per se reasonable 20% contingent fee on indemnity benefits* must demonstrate to the WCJ why such a fee is justified in light of the time and effort expended on obtaining medical benefits for the claimant. *Id.* at §15:12. Upon receipt of this evidence, the WCJ will conduct a quantum meruit analysis to determine the reasonableness of any fee in excess of 20 percent of the claimant's indemnity benefits. . . . Here, the WCJ concluded that a 20% attorney fee based on Claimant's medical bill payments was unreasonable.

*Righter*, 141 A.3d at 632, 633 (emphasis added).[15]

Our analysis in *Righter* reflects the Court's ongoing understanding that an award of counsel fees that includes recovery of medical bills is permissible, but a fee of 20% of medical bills is not reasonable *per se*.

Instead, as illustrated by the above, our courts have long recognized the requirement that a WCJ approve attorney's fee agreements as reflecting a legislative intent "to protect claimants against unreasonable fees *imposed upon them by their attorneys pursuant to improvident fee agreements*." *Samuel,* 814 A.2d at 278 (emphasis added). As the Majority observes, the most recent amendment to Section 442 *reaffirms and furthers that intent*, eliminating the

---

[15] More recently, we relied on *Righter* and *Piergalski* in *Kry-Puy v. Workers' Compensation Appeal Board (C&A Labor, Inc.)* (Pa. Cmwlth., No. 2525 C.D. 2015, filed October 11, 2016). In *Kry-Puy*, a WCJ awarded the claimant's counsel attorney's fees for unreasonable contest, under Section 440(a), in the amount of 20% of the claimant's indemnity benefits for the limited period from March 14, 2013, to August 15, 2013. The WCJ found that an award against medical bills would not be reasonable considering the difficulty and amount of work performed. "While the WCJ approved the contingency fee agreement" between the claimant and her counsel as fair and reasonable, "because this fee agreement included payment of 20% of any payments for medical treatment and hospital bills, the WCJ was required to determine *if this aspect of the contingency fee agreement was reasonable.*" Slip op. at 5 (emphasis added) (citing *Righter* and *Piergalski)*. Thus, we relied on cases decided under Section 442 to conclude that, under Section 440 of the Act, reasonable contest attorney's fee of 20% of medical expenses *is not reasonable per se.*

possibility that a claimant and his counsel could agree to a fee in excess of 20% of the award. Our case law reflects that, even where the payment of medical expenses *was a direct and measurable benefit to a claimant*, and the contingent fee provided for fees of 20% of the claimant's award, the determination of reasonable attorney's fees under Section 442 did not *necessarily* include 20% of the amount of medical expenses recovered.

The Majority's holding implicitly overrules this entire line of case law. Further, I believe the Majority's analysis of Section 442 erroneously concludes that the legislative desire to protect claimants is suddenly unfounded.

Indeed, the fee agreement at issue illustrates my point. The contingent fee agreement states that Claimant was to pay his counsel "20% of whatever may be recovered." R.R. at 1. The fee agreement omits a specific reference to medical expenses. Since 1993, the Act prohibits providers from seeking recovery from an injured employee, yet Claimant's affidavit states he understood the fee agreement to include medical expenses.

In other words, Claimant mistakenly believed that medical providers could seek payment of bills directly from him, and he agreed to pay counsel fees amounting to more than 20% of the indemnity benefits he received. Under these circumstances, the WCJ's decision is in harmony with both the statute as well as this Court's precedent. In my view, this matter supports a determination that Section 442 still requires the WCJ's approval of every fee award – to prevent a claimant from unwittingly assuming an onerous obligation by agreement with an unscrupulous or an unskilled counsel.

Of course, a claimant can still benefit from payment of medical bills, and where medical bills have not been paid a claimant can file a petition for

penalties, which are paid directly to the claimant. Here, Employer did make payment of the provider's bill, but Claimant's counsel, absent agreement or statutory authority, demanded 20% of the amount due. The fee agreement Claimant signed did not bind any other party. It did not purport to oblige any medical provider to contribute to the cost of Claimant's legal representation. It appears that, perhaps unintentionally, the Majority's holding now authorizes a claimant's counsel to retain 20% of all monies due to a provider.

**Conclusion**

In accord with the humanitarian purpose of the Act, we have consistently interpreted Section 442 as requiring a WCJ's approval of *every* agreement for attorney's fees, based on *a determination of reasonableness*. Always, we have been mindful that "Section 442 evidences a legislative intent to protect claimants against unreasonable fees imposed upon them by their attorneys pursuant to improvident fee agreements." *Samuel,* 814 A.2d at 276; *Weidner*, 442 A.2d 244. Throughout amendments, and as reflected by compatible decisions, the concept of reasonableness remains the foundation for the WCJ's approval of attorney's fee awards under both Section 442 and Section 440.

The above decisions reflect the Court's unwavering recognition that Section 442 is intended to protect claimants; Section 442 requires a WCJ's approval of *every* fee award, based on a finding of reasonableness; and the intent of the parties to a fee agreement is a critical component of every analysis under Section 442.

Furthermore, I would affirm for the alternative reasons cited by the WCJ. The fee agreement did not expressly include medical benefits in the

calculation of attorney's fees. Given that our prior decisions have allowed counsel fees based on medical bills based on a separate calculation, and considering that Claimant obtained no obvious or measurable benefit, Claimant's counsel should have sought clarification of WCJ Stokes's order directing payment from "Claimant's share" of the award. Additionally, I fail to see how a contingent fee agreement between a claimant and counsel can possibly bind a provider. The observation that Mercy Fitzgerald Hospital did not pursue its independent rights through fee review is of no moment. Finally, while the Majority references Claimant's analogy to subrogation cases, Section 319 of the Act[16] imposes attorney's fees on employers and Section 442 does not. I submit that where the issues are governed by such a complex statutory scheme, it is inappropriate to rely wholly on general principles of equity to support a result.

　　　　　For all of the above reasons, I would affirm the Board.



_____
　　　　　MICHAEL H. WOJCIK, Judge

Judge Cohn Jubelirer joins in this Dissenting Opinion.

---

[16] 77 P.S. §671.